UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————— X

BETTY ANN KUPFER a/k/a BETTY KUPFER and
CHARLES KUPFER,

                                        Plaintiffs Pro Se

                    -  v  -

RESIDENTIAL MORTGAGE SOLUTION LLC;
RESIDENTIAL MORTGAGE SERVICES LLC;
RESIDENTIAL PROPERTIES LLC;
RMS RESIDENTIAL PROPERTIES LLC;
RMS ASSET MANAGEMENT LLC;
JACK GETZELMAN, individually and as Chief Financial
    Officer of Residential Mortgage Solution LLC and as
    Director / Officer of RMS Asset Management LLC;
JAMES GUERIN, individually and as Managing Director
    of Servicing of Residential Mortgage Solution LLC
    and as Managing Director of Servicing and Surveillance
    of RMS Asset Management LLC;
DAVID SKLAR, individually and as Managing Director of
    RMS Asset Management LLC;
COLONIAL CAPITAL MANAGEMENT LLC;
COLONIAL IMPACT FUND II LLC;
COLONIAL FUND 17 LLC;
SPECIALIZED LOAN SERVICING LLC;
CYNTHIA WALLACE, individually and as Officer /
    Director of Specialized Loan Servicing LLC;
SERVIS ONE INC. d/b/a
        BSI FINANCIAL SERVICES;
NATALIE OWENS, individually and as Officer /
    Director of BSI Financial Services;
SN SERVICING CORPORATION;
JEFFREY A KOSTERICH LLC;
JEFFREY A. KOSTERICH ESQ, individually and as
    Principal or Manager of Jeffrey A. Kosterich LLC;
DENISE SINGH SKEETE ESQ., individually and as
    an associate of Jeffrey A. Kosterich LLC;
ROSICKI, ROSICKI & ASSOCIATES PC;
MARK ANTOS ESQ., individually and as an associate
    of Rosicki, Rosicki & Associates PC; and
JOHN / JANE DOE DEFENDANTS 1 – 20;
                                        Defendants

——————————————————————— X

Civil Action No.

## CV 19-2738

COMPLAINT

BIANCO, J.

SHIELDS, M.J.



RECEIVED
MAY 09 2019
PRO SE OFFICE

Plaintiffs BETTY ANN KUPFER a/k/a BETTY KUPFER and CHARLES KUPFER Residents of the State of New York, as Pro Se Plaintiffs, as and for their Complaint in this matter against RESIDENTIAL MORTGAGE SOLUTION LLC; RESIDENTIAL MORTGAGE SERVICES LLC; RESIDENTIAL PROPERTIES LLC; RMS RESIDENTIAL PROPERTIES LLC; RMS ASSET MANAGEMENT LLC; JACK GETZELMAN, individually and as Chief Financial Officer of Residential Mortgage Solution LLC and as Managing Director / Officer of RMS Asset Management LLC; JAMES GUERIN, individually and as Managing Director of Servicing of Residential Mortgage Solution LLC and as Managing Director of Servicing and Surveillance of RMS Asset Management LLC; DAVID SKLAR, individually and as Managing Director of RMS Asset Management LLC; COLONIAL CAPITAL MANAGEMENT LLC; COLONIAL FUND 17 LLC; COLONIAL IMPACT FUND II LLC; SPECIALIZED LOAN SERVICING LLC; CYNTHIA WALLACE, Individually and as Officer / Director of Specialized Loan Servicing LLC; SERVIS ONE INC. d/b/a BSI FINANCIAL SERVICES; NATALIE OWENS, individually and as Officer / Director of BSI FINANCIAL SERVICES; SN SERVICING CORPORATION; JEFFREY A KOSTERICH LLC; JEFFREY A. KOSTERICH ESQ, Individually and as principal of Jeffrey A. Kosterich LLC; DENISE SINGH SKEETE ESQ., Individually and as an associate of Jeffrey A. Kosterich LLC; ROSICKI, ROSICKI & ASSOCIATES PC; MARK ANTOS ESQ., individually and as an associate of Rosicki, Rosicki & Associates PC, and JOHN / JANE DOES 1 – 20, as Plaintiffs' allege the following upon information and belief:

## <u>INTRODUCTION TO COMPLAINT</u>

1.      This complaint is based upon the damages caused to Plaintiffs' by greedy real estate investors, dishonest and deceitful lawyers and corrupt mortgage servicing companies, all

of whom conspired together to take Plaintiff's home.  The Defendants deceit, fraud and corrupt

practices included (i) extorting mortgage payments to entities that were not the recorded owners /

holders of the subject Mortgage and Note; (ii) concealment and refusal to account for thousands

of dollars in payments that were never properly applied to the subject Mortgage and Note; (iii)

filing and prosecuting a foreclosure action at the time when the defendants knew that the

expiration of the applicable statute of limitations had long since expired; (iv) filing knowingly

false and intentionally multiple misleading statements and sworn declarations intended to and

which did in fact deceive the Nassau County Supreme Court into concluding that Plaintiffs were

not entitled to raise the absolute and meritorious defense of expiration of the applicable statute of

limitations by lying to the Court stating that Plaintiff's filed an "Answer" in which they failed to

raise the statute of limitations thereby precluding Plaintiff wrongfully precluding Plaintiff from

using the statute of limitations defense in opposition to a Motion for Summary Judgment; (v)

filing knowingly false and intentionally multiple misleading statements and sworn declarations

intended to and which did in fact deceive the Nassau County Supreme Court into concluding that

the wrong entity was the assignee and holder of the Subject Mortgage and Note since shortly

after they were originally executed in 2006; (vi) filing knowingly false and intentionally multiple

misleading statements and sworn declarations intended to and which did in fact deceive the

Nassau County Supreme Court into concluding that Plaintiffs alleged default in making

mortgage payments was more than three years later than Plaintiffs actually stopped payment

mortgage payments and demanded an accounting of what happened to the tens of thousands of

dollars in mortgage payments that were extorted by and were paid to the wrong entity and which

remained unaccounted for; (vii) filing and prosecuting a "Holdover Petition" based on a

knowingly false and defective "10 Day Notice" from an entity that had nothing to do with The

Subject Premises; and (viii) filing multiple intentionally false and misleading statements and

sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into denying Plaintiffs efforts to stay the proceedings to reverse the Summary Judgment and in furtherance of the effort to remove Plaintiffs from The Subject Premises.

2.       Many losing parties may claim that facts show that its adversaries lied or misled the Court into ruling against them.  Plaintiffs in this matter are not "claiming" anything.

3.       The facts, false sworn statements, lies and deceit in this case are irrefutable.  They are evidenced (i) by Defendants' own documents; (ii) by Lis Pendens(es) and Assignments that have been filed and recorded the Nassau County Court and (iii) by no less than three prior foreclosure actions related to The Subject Premises.

4.       Plaintiffs understand that they cannot request, nor are they requesting, that this Court reverse decisions made in the New York State Supreme Court.

5.       Plaintiffs understand, however, that they have a right to make a claim in this Court for the actual, compensation and punitive damages resulting from:

a.       Defendants' wrongful, illegal and unlawful acts by coming together in a criminal enterprise – the object of which was to enrich Defendant real estate investors, Defendant loan servicing companies and Defendant lawyers – and which criminal enterprise constituted "racketeering activities" as that term is used in the Racketeering Influence and Corrupt Organizations Act 18 USC § 1952 et seq. and which included fraud (18 USC § 1341), mail and wire fraud (18 USC § 1343), bank fraud (18 USC § 1344 ), obstruction of justice (18 USC § 1503), interference with commerce (18 USC § 1951), and racketeering (18 USC § 1952);

b.       Defendants' Deceptive Business Practices in violation of New York State General Business Law ("NYGBL") § 349;

c.       Defendants Unfair and Deceptive Collection Practices in violation of

Federal Fair Debt Collection Practices Act 15 USC § 1692 et seq;

  d.  Defendant attorneys lies and deceit in violation of New York State Judiciary Law § 487;

  e.  Defendants tortious interference with Plaintiffs right to The Subject Premises;

  f.  Defendants unjust enrichment;

  g.  Defendants fraud; and

  h.  Defendants other wrongful acts that led to Plaintiffs' suffering physical and emotional damages.

  6.  Plaintiffs understand and believe that as relates to Plaintiffs' claims based upon the damages they suffered due to Defendants multiple knowingly false and deceitful statements, Plaintiffs' are or should be entitled to summary or declaratory judgment or at a minimum an expedited disposition on these claims because of the irrefutable evidence from Defendants own documents, the filed and recorded Lis Pendens and Notices of Assignment and the three prior Mortgage Foreclosure actions.

  7.  Because of the irrefutable facts and objective documentary evidence and the continued threats by Defendants to remove Plaintiffs from The Subject Premises before Plaintiffs claims can be heard, Plaintiffs believe that a Preliminary Injunction would be appropriate to ensure that the status quo is preserved pending the resolution of this complaint.

  8.  Plaintiff submits that many of the relevant documents – specifically documents exchanged between the Defendant lawyers, Defendant real estate investors and Defendant mortgage and loan servicing companies – are not protected by the attorney client and /or work product privilege because of the crime – fraud exception and Plaintiff prays that these documents be made available for the Court's immediate review and which documents are relevant to the

conspiracy between the parties and the appropriate amount of punishment damages that should

be awarded for the egregious misconduct and false statements to the Court from 2016 to present.

<u>PARTIES</u>

9.      Plaintiffs BETTY ANN KUPFER a/k/a BETTY KUPFER and CHARLES

KUPFER are residents of the State of New York, County of Nassau, residing at 66 North Grove

Street, Valley Stream, NY, within this District. The Plaintiffs reside at 66 North Grove Street,

Valley Stream, NY 11580 ("The Subject Premises").   In 2006, Plaintiff BETTY ANN KUPFER

took out a mortgage and signed a Note ("The Subject Mortgage and Note") with Cornerstone

Bancor Mortgage Corp. On May 11, 2007, The Subject Mortgage and Note was assigned to

RESIDENTIAL PROPERTIES LLC. See May 11, 2007 Nassau County Clerk's Office

Recording and Endorsement.   Then in March 31, 2014, The Subject Mortgage and Note was re-

assigned from RESIDENTIAL PROPERTIES LLC back to Cornerstone Bancor Mortgage Corp.

See April 1, 2014 Nassau County Clerk's Office Recording and Endorsement.   Then again in

February 2015, The Subject Mortgage and Note was assigned from Cornerstone Bancor

Mortgage Corp. to Colonial Fund 17 LP. See May 20, 2015 Nassau County Clerk's Office

Recording and Endorsement.   Plaintiffs were never informed that the Subject Mortgage and Note

was assigned and reassigned and reassigned again.

10.      RESIDENTIAL MORTGAGE SOLUTION LLC ("RESIDENTIAL

MORTGAGE SOLUTION") is a real estate investment company which is incorporated in and

whose principal place of business is Delaware, and maintains a registered agent Corporation

Service Company, 80 State Street, Albany, New York 12207 and which is licensed to do

business in New York State and within this District. RESIDENTIAL MORTGAGE SOLUTION

is the real estate investor entity that, together with the Defendant lawyers and loan servicing

companies, organized and implemented the criminal enterprise and other wrongdoings from

2016 to present. RESIDENTIAL MORTGAGE SOLUTIONS filed the action entitled *Residential Mortgage Solutions LLC v Betty Ann Kupfer et al Index # 005432/2016* that was the 4th Untimely & Fraudulently Filed Foreclosure Action from 2007 forward, as to which the statute of limitations had expired, the plaintiff was not the formal assignee of the Mortgage and Note, the plaintiff was not the holder of the Mortgage and Note, the plaintiff was not entitled to lawfully pursue a foreclosure – and to ensure that the action was successful RESIDENTIAL MORTGAGE SOLUTIONS conspired with RESIDENTIAL PROPERTIES, RMS RESIDENTIAL PROPERTIES, RESIDENTIAL MORTGAGE SERVICES, RMS ASSET MANAGEMENT LLC; JACK GETZELMAN; JAMES GUERIN; DAVID SKLAR; COLONIAL CAPITAL MANAGEMENT LLC; COLONIAL FUND 17 LLC; COLONIAL IMPACT FUND II LLC; SPECIALIZED LOAN SERVICING LLC; CYNTHIA WALLACE; SERVIS ONE INC. d/b/a BSI FINANCIAL SERVICES; NATALIE OWENS; SN SERVICING CORPORATION; JEFFREY A KOSTERICH LLC; JEFFREY A. KOSTERICH ESQ.; DENISE SINGH SKEETE ESQ.; ROSICKI, ROSICKI & ASSOCIATES PC; MARK ANTOS ESQ. and JOHN / JANE DOES 1 – 20 in the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present.

11. RMS RESIDENTIAL PROPERTIES LLC ("RMS RESIDENTIAL PROPERTIES") is a real estate investor that is incorporated and maintains its principal place of business in the State of Delaware and is licensed in the State of New York, maintains a registered agent located at 80 State Street, Albany, NY 12207-2543 and does business within this District. RMS RESIDENTIAL PROPERTIES is the real estate investor entity that, together with the RESIDENTIAL MORTGAGE and Defendant lawyers and loan servicing companies, assisted in the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present. RMS RESIDENTIAL PROPERTIES commenced and then discontinued a mortgage

foreclosure action entitled *RMS Residential Properties LLC v Betty Ann Kupfer et al Index #
0023509/2009* ("2nd Foreclosure Action"), represented by McCabe Weisberg & Conway (not a
defendant) and later by Defendant Jeffrey Kosterich alleging that it was the lawful owner and
holder and assignee of the Subject Mortgage and Note and further alleging that Plaintiff failed
defaulted on the payments on the mortgage and note starting in 2009, and this second foreclosure
action was dismissed on March 2, 2016. RMS RESIDENTIAL PROPERTIES commenced and
then discontinued another mortgage foreclosure action entitled *RMS Residential Properties LLC
v Cornerstone Bancor Mortgage et al (with Plaintiffs identified only as John Doe Defendants)
Index # 601416/2013*, ("3rd Foreclosure Action"), again represented by McCabe Weisberg &
Conway (not a defendant) and re-alleging that it was the lawful owner and holder and assignee of
the Subject Mortgage and Note and further alleging that The Subject Mortgage & Note was not
properly assigned and/or delivered to it by the original owner and holder of The Subject
Mortgage & Note and claiming entitlement to the property including the right to retake the
property for alleged default in the payment of the Mortgage and Note, and which this third
foreclosure action was dismissed in 2015.

12.     RESIDENTIAL MORTGAGE SERVICES LLC ("RESIDENTIAL MORTGAGE
SERVICES") is a real estate investor that is incorporated and maintains its principal place of
business in Maine, located at 24 Christopher Toppi Dr., South Portland, Maine 04106 and which
is licensed in and business in New York State and within this District.   RESIDENTIAL
MORTGAGE SERVICES is the real estate investor entity that, together with the
RESIDENTIAL MORTGAGE and Defendant lawyers and loan servicing companies, assisted in
the organization and implementation of the criminal enterprise and other wrongdoings from 2016
to present. RESIDENTIAL MORTGAGE SERVICES was also one of the entities that falsely
claimed that it was the owner and holder of the Mortgage and Note on The Subject Premises and

conspired together with RESIDENTIAL MORTGAGE and Defendant lawyers and loan servicing companies, in their efforts to foreclose on The Subject Premises, extort monies from Plaintiffs and remove Plaintiffs from The Subject Premises.

13.    RESIDENTIAL PROPERTIES LLC ("RESIDENTIAL PROPERTIES") is a real estate investor that is incorporated, licensed and maintains its principal place of business in the State of New York within this District.    RESIDENTIAL MORTGAGE SERVICES is the real estate investor entity that, together with the RESIDENTIAL MORTGAGE and Defendant lawyers and loan servicing companies, assisted in the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present.  RESIDENTIAL PROPERTIES commenced and then discontinued at mortgage foreclosure action entitled *Residential Properties LLC v Betty Ann Kupfer et al Index # 0008327/2007* ("1st Foreclosure Action") , represented by Edward A. Wiener PC (not a defendant) alleging that it was the lawful owner and holder and assignee of the Subject Mortgage and Note and further alleging that Plaintiff failed defaulted on the payments on the mortgage and note starting in 2007, and which action was dismissed on January 5, 2010.

14.    RMS RESIDENTIAL PROPERTIES LLC ("RMS RESIDENTIAL PROPERTIES") is a real estate investor that is incorporated and maintains its principal place of business in the State of Delaware and is licensed in the State of New York, maintains a registered agent located at 80 State Street, Albany, NY 12207-2543 and does business within this District. RMS RESIDENTIAL PROPERTIES is the real estate investor entity that, together with the RESIDENTIAL MORTGAGE and Defendant lawyers and loan servicing companies, assisted in the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present.  RMS RESIDENTIAL PROPERTIES commenced and then discontinued a mortgage foreclosure action entitled *RMS Residential Properties LLC v Betty Ann Kupfer et al Index #*

_0023509/2009_ ("2nd Foreclosure Action"), represented by McCabe Weisberg & Conway (not a defendant) and later by Defendant Jeffrey Kosterich alleging that it was the lawful owner and holder and assignee of the Subject Mortgage and Note and further alleging that Plaintiff failed defaulted on the payments on the mortgage and note starting in 2009, and this second foreclosure action was dismissed on March 2, 2016. RMS RESIDENTIAL PROPERTIES commenced and then discontinued another mortgage foreclosure action entitled _RMS Residential Properties LLC v Cornerstone Bancor Mortgage et al (with Plaintiffs identified only as John Doe Defendants) Index # 601416/2013_, ("3rd Foreclosure Action"), again represented by McCabe Weisberg & Conway (not a defendant) and re-alleging that it was the lawful owner and holder and assignee of the Subject Mortgage and Note and further alleging that The Subject Mortgage & Note was not properly assigned and/or delivered to it by the original owner and holder of The Subject Mortgage & Note and claiming entitlement to the property including the right to retake the property for alleged default in the payment of the Mortgage and Note, and which this third foreclosure action was dismissed in 2015.

15. RMS ASSET MANAGEMENT LLC ("RMS ASSET MANAGEMENT") is a real estate investor entity that is affiliated with RESIDENTIAL MORTGAGE SOLUTION and assisted RESIDENTIAL MORTGAGE SOLUTION, GETZELMAN and GUERIN and Defendant lawyers and loan servicing companies, the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present. RMS ASSET MANAGEMENT through GETZELMAN assisted RESIDENTIAL MORTGAGE SOLUTION in its 2018 attempt to remove Plaintiffs from The Subject Premises, by submitting knowingly false NOTICES (including a 10 Day Notice) and other documents to support the conspiracy with RESIDENTIAL MORTGAGE SOLUTION and Defendant lawyers and loan servicing companies, in their efforts to extort monies from Plaintiffs and remove Plaintiffs from The

Subject Premises.

16.     JACK GETZELMAN ("GETZELMAN") is a Managing Director / Officer of RESIDENTIAL MORTGAGE SOLUTIONS and RMS ASSET MANAGEMENT, is a real estate investor who resides in California and does business in New York State through RESIDENTIAL MORTGAGE SOLUTION and RMS ASSET MANAGEMENT within this District.  GETZELMAN used his position as officer / director of RESIDENTIAL MORTGAGE SOLUTION and RMS ASSET MANAGEMENT to assist with the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present. GETZELMAN has just started the latest effort to remove Plaintiffs from The Subject Premises.

17.     JAMES GUERIN ("GUERIN") is a Managing Director / Officer of RESIDENTIAL MORTGAGE SOLUTIONS and RMS ASSET MANAGEMENT, is a real estate investor who resides in California and does business in New York State through RESIDENTIAL MORTGAGE SOLUTION and RMS ASSET MANAGEMENT to assist with the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present.  In particular, GUERIN filed knowingly false certificates of authority in the 2018 effort to remove Plaintiffs from The Subject Premises.

18.     DAVID SKLAR ("SKLAR") is a Managing Director / Officer of RESIDENTIAL MORTGAGE SOLUTIONS and RMS ASSET MANAGEMENT, is a real estate investor who resides in California and does business in New York State through RESIDENTIAL MORTGAGE SOLUTION and RMS ASSET MANAGEMENT within this District. GETZELMAN used his position as officer / director of RESIDENTIAL MORTGAGE SOLUTION and RMS ASSET MANAGEMENT to assist with the organization and implementation of the criminal enterprise and other wrongdoings from 2016 to present.

19.     COLONIAL CAPITAL MANAGEMENT LLC ("COLONIAL CAPITAL") is a

real estate investment company that is incorporated in the State of Texas, which maintains its principal place of business at 1725 East Southlake Boulevard, Suite 102, Southlake, TX 78092 and does business in the State of New York and in this District.   COLONIAL CAPITAL is also the parent for Defendants COLONIAL FUND 17 LLC and COLONIAL IMPACT FUND II LLC, both of which reported to and were controlled by COLONIAL MANAGEMENT. COLONIAL CAPITAL's involvement in the wrongdoing against Plaintiffs is limited to its failure to notify Plaintiff that the Subject Mortgage and Note had been assigned to COLONIAL FUND 17 LLC and its conspiring together with RESIDENTIAL MORTGAGE SOLUTIONS and Defendant lawyers and mortgage loan servicing companies in the 2018 unlawful and deceitful efforts to foreclose on The Subject Premises.   See https://www.corporationwiki.com/p/2e3r54/Colonial-capital-management-llc

20.     COLONIAL FUND 17 LLC ("COLONIAL FUND 17") is a real estate investment company that is incorporated in the State of Delaware, which maintains its principal place of business at the offices of COLONIAL CAPITAL at 1725 East Southlake Boulevard, Suite 102, Southlake, TX 78092 and does business in the State of New York and in this District. COLONIAL FUND 17 reports to and is controlled by COLONIAL MANAGEMENT. COLONIAL FUND 17's involvement in the wrongdoing against Plaintiffs is limited to its failure to notify Plaintiff that the Subject Mortgage and Note had been assigned to COLONIAL FUND 17 and its conspiring together with RESIDENTIAL MORTGAGE SOLUTIONS and Defendant lawyers and mortgage loan servicing companies in the 2018 unlawful and deceitful efforts to foreclose on The Subject Premises.  See https://www.corporationwiki.com/p/2e3r5n/Colonial-fund-17-lp.

21.     COLONIAL IMPACT FUND II LLC ("COLONIAL IMPACT FUND" is a real estate investment company that is incorporated in the State of Delaware, which maintains its

principal place of business at the offices of COLONIAL CAPITAL at 1725 East Southlake Boulevard, Suite 102, Southlake, TX 78092 and does business in the State of New York and in this District.  COLONIAL IMPACT FUND reports to and is controlled by COLONIAL MANAGEMENT. COLONIAL IMPACT FUND's involvement in the wrongdoing against Plaintiffs is limited to its failure to notify Plaintiff that the Subject Mortgage and Note had been assigned to its sister company - COLONIAL FUND 17 - and its conspiring together with RESIDENTIAL MORTGAGE SOLUTIONS and Defendant lawyers and mortgage loan servicing companies in the 2018 unlawful and deceitful efforts to foreclose on The Subject Premises.

22.     SPECIALIZED LOAN SERVICING LLC ("SLS") is a real estate and mortgage loan servicing company that is incorporated in the State of Delaware, maintains its principal business office at 8749 Lucent Blvd. Suite 300, Highlands Ranch, CO 80129 and does business in the State of New York and in this District.  SLS has systematically engaged in unlawful and deceptive mortgage servicing and collection practices and most recently has agreed to settlement of a class action entitled *Smith v. Specialized Loan Servicing LLC, et al.*, Case No. 3:17-cv-06668-BRM-DEA for its defrauding of homeowners by overcharging and not properly accounting for mortgage charges and payments due. Plaintiff Betty Ann Kupfer has recently been informed by Plaintiff's Settlement Class Counsel that she is a member of the class because The Subject Premises and she as a holder of a Mortgage and Note that SLS was servicing was defrauded by SLS in the New Jersey filed and settled case.  Plaintiff's claims in this matter and the Class Action Settlement against SLS in New Jersey are different.  As relates to Plaintiffs' claims in this matter, SLS filed knowingly false and misleading statements in the three mortgage foreclosure actions entitled *Residential Properties LLC v Betty Ann Kupfer et al Index # 0008327/2007* ("1st Foreclosure Action") dismissed in 2009; *RMS Residential Properties LLC v*

*Betty Ann Kupfer et al Index # 0023509/2009* ("2nd Foreclosure Action") dismissed on March 2,
2016; *RMS Residential Properties LLC v Cornerstone Bancor Mortgage et al (with Plaintiffs*
*identified only as John Doe Defendants) Index # 601416/2013*, ("3rd Foreclosure Action")
dismissed in 2015 and in support of the efforts to extort monies from Plaintiffs and remove
Plaintiffs from The Subject Premises.  In each of these, SLS filed knowingly and intentionally
misleading and false statements to conspired with RESIDENTIAL MORTGAGE SOLUTIONS
and Defendant lawyers and mortgage loan servicing companies from 2016 to the present with
unlawful and deceitful efforts to foreclose on The Subject Premises.

23.    CYNTHIA WALLACE ("WALLACE") is an Officer / Director of Specialized
Loan Servicing LLC whose business office at 8749 Lucent Blvd. Suite 300, Highlands Ranch,
CO 80129 and does business in the State of New York and in this District.  WALLACE
participated and assisted with SLS' unlawful and deceptive mortgage servicing and collection
practices.  WALLACE filed knowingly false and misleading statements in the three mortgage
foreclosure actions entitled *Residential Properties LLC v Betty Ann Kupfer et al Index #*
*0008327/2007* ("1st Foreclosure Action") dismissed in 2009; *RMS Residential Properties LLC v*
*Betty Ann Kupfer et al Index # 0023509/2009* ("2nd Foreclosure Action") dismissed on March 2,
2016; *RMS Residential Properties LLC v Cornerstone Bancor Mortgage et al (with Plaintiffs*
*identified only as John Doe Defendants) Index # 601416/2013*, ("3rd Foreclosure Action")
dismissed in 2015 and in support of the efforts to extort monies from Plaintiffs and remove
Plaintiffs from The Subject Premises.  In each of these, WALLACE's knowingly and
intentionally misleading and false statements were filed as part of the conspiracy with
RESIDENTIAL MORTGAGE SOLUTIONS and Defendant lawyers and mortgage loan
servicing companies from 2016 to the present to unlawfully and illegally attempt to foreclose on
The Subject Premises after all applicable statutes of limitations had expired and by lying about

the assignment and possession of the Subject Mortgage and Note.

24.     SERVIS ONE INC. d/b/a BSI FINANCIAL SERVICES ("BSI")  is a real estate and mortgage loan servicing company that is incorporated in the State of Delaware, maintains its principal business office at 1425 Greenway Drive, Suite 400, Irving, TX 75038 and does business in the State of New York and in this District.  BSI filed knowingly false and misleading statements in the three mortgage foreclosure actions entitled *Residential Properties LLC v Betty Ann Kupfer et al Index # 0008327/2007* ("1st Foreclosure Action") dismissed in 2009; *RMS Residential Properties LLC v Betty Ann Kupfer et al Index # 0023509/2009* ("2nd Foreclosure Action") dismissed on March 2, 2016; *RMS Residential Properties LLC v Cornerstone Bancor Mortgage et al (with Plaintiffs identified only as John Doe Defendants) Index # 601416/2013*, ("3rd Foreclosure Action") dismissed in 2015 and in support of the efforts to extort monies from Plaintiffs and remove Plaintiffs from The Subject Premises.  In each of these, BSI filed knowingly and intentionally misleading and false statements to conspired with RESIDENTIAL MORTGAGE SOLUTIONS and Defendant lawyers and mortgage loan servicing companies from 2016 to the present with unlawful and deceitful efforts to foreclose on The Subject Premises.

25.     NATALIE OWENS ("OWENS") is an Officer / Director of BIS whose business office is at 1425 Greenway Drive, Suite 400, Irving, TX 75038 and does business in the State of New York and in this District.  OWENS participated and assisted with BSI' unlawful and deceptive mortgage servicing and collection practices.  OWENS filed knowingly false and misleading statements in the three mortgage foreclosure actions entitled *Residential Properties LLC v Betty Ann Kupfer et al Index # 0008327/2007* ("1st Foreclosure Action") dismissed in 2009; *RMS Residential Properties LLC v Betty Ann Kupfer et al Index # 0023509/2009* ("2nd Foreclosure Action") dismissed on March 2, 2016; *RMS Residential Properties LLC v*

*Cornerstone Bancor Mortgage et al (with Plaintiffs identified only as John Doe Defendants)*

*Index # 601416/2013*, ("3rd Foreclosure Action") dismissed in 2015 and in support of the efforts

to extort monies from Plaintiffs and remove Plaintiffs from The Subject Premises.  In each of

these, OWENS's knowingly and intentionally misleading and false statements were filed as part

of the conspiracy with RESIDENTIAL  MORTGAGE  SOLUTIONS and Defendant  lawyers  and

mortgage loan servicing companies from 2016 to the present to unlawfully and illegally attempt

to foreclose on The Subject Premises after all applicable statutes of limitations had expired and

by lying about the assignment and possession of the Subject Mortgage and Note.

    26.     SN SERVICING CORPORATION ("SN CORPORATION") is a real estate and

mortgage loan servicing company that is incorporated in the State of Delaware, maintains its

principal business office at 13703 Coursey Blvd., Building 1 A, Baton Rouge, LA  70817 and at

323 5th Street, Eureka, CA and does business in the State of New York and in this District.  SN

CORPORATION was involved with the conspiracy to engage in fraudulent and deceptive

business practices and in April 2016 claimed entitlement and representation of the holder and

assignee of the Subject Mortgage and Note, which it – SN CORPORATION – claimed  was

COLONIAL IMPACT FUND II LLC – and as a result of which SN engaged in unlawful and

deceptive mortgage servicing and collection practices directed against Plaintiff.

    27.     JEFFREY A KOSTERICH LLC ("KOSTERICH FIRM") is a professional

corporation / a law firm that mains its principal place of business at 68 Main Street, Tuckahoe,

NY 10707. KOSTERICH FIRM was a main conspirator with RESIDENTIAL  MORTGAGE

SOLUTIONS and on its behalf filed the action entitled *Residential Mortgage Solutions LLC v*

*Betty Ann Kupfer et al Index # 005432/2016* that was the 4th Untimely  & Fraudulently  Filed

Foreclosure Action from 2007 forward.  It was in this 4th Foreclosure case that KOSTERICH

FIRM conspired with RESIDENTIAL  PROPERTIES, RMS RESIDENTIAL  PROPERTIES,

RESIDENTIAL MORTGAGE SERVICES, RMS ASSET MANAGEMENT LLC; JACK

GETZELMAN; JAMES GUERIN; DAVID SKLAR; COLONIAL CAPITAL MANAGEMENT

LLC; COLONIAL FUND 17 LLC; COLONIAL IMPACT FUND II LLC; SPECIALIZED

LOAN SERVICING LLC; CYNTHIA WALLACE; SERVIS ONE INC. d/b/a BSI FINANCIAL

SERVICES; NATALIE OWENS; SN SERVICING CORPORATION; JEFFREY A

KOSTERICH LLC; JEFFREY A. KOSTERICH ESQ,; DENISE SINGH SKEETE ESQ.;

ROSICKI, ROSICKI & ASSOCIATES PC; MARK ANTOS ESQ. and JOHN / JANE DOES 1 –

20 in the organization and implementation of the criminal enterprise and other wrongdoings from

2016 to present. It was in the 4th Untimely & Fraudulently Filed Foreclosure Action that

KOSTERICH FIRM knowingly lied and filed knowingly false declarations with the Nassau

County Supreme Court in which it lied about Plaintiff BETTY ANN KUPFER (then a

defendant) allegedly having filed an ANSWER which did not include a statute of limitations

defense – which statements were absolutely false and designed to mislead the Court into

depriving Plaintiff BETTY ANN KUPFER, then Defendant, the absolute and meritorious

defense of statute of limitations. It was in the 4th Untimely & Fraudulently Filed Foreclosure

Actions that KOSTERICH firm also suborned perjury and the filings of knowingly false

statements by SLS and its representative CYNTHIA WALLACE and BSI and its representative

NATALIE OWENS in which they lied to the Court about who the formal assignee of the

Mortgage and Note and who the holder of the Mortgage and Note was which false and deceitful

statements were intended to ensure that the 2016 foreclosure action – the 4th Untimely &

Fraudulently Filed Foreclosure Action - was successful and that RESIDENTIAL MORTGAGE

SOLUTIONS was able to acquire – albeit unlawfully and through deceit – able to acquire the

deed to The Subject Premises.  Then it was KOSTERICH FIRM and RESIDENTIAL

MORTGAGE SOLUTION conspired with ROSICKI to commence a Holdover Petition to

remove Plaintiffs from The Subject Premises, which Holdover Petition was also predicated upon

knowingly false declarations by SLS and its representative WALLACE; BSI and its

representative OWENS; and GETZELMAN and GUERIN. KOSTERICH FIRM helped

organize and implement the criminal enterprise and other wrongdoings from 2016 to present all

of which were designed to unlawfully foreclose on The Subject Premises and attempt to remove

Plaintiffs from The Subject Premises.

28.     JEFFREY A. KOSTERICH ESQ. ("KOSTERICH") is a lawyer and principal of

KOSTERICH FIRM and maintains a principal place of business at 68 Main Street, Tuckahoe,

NY 10707 and does business in this District. KOSTERICH was responsible for the filing of

knowingly false and deceitful statements and declarations with the Court in the 4th Untimely &

Fraudulently Filed Foreclosure Action and he himself filed sworn declarations that contained

false and deceitful statements. In particular KOSTERICH filed multiple knowingly false

declarations with the Nassau County Supreme Court in which he lied about Plaintiff BETTY

ANN KUPFER (then a defendant) allegedly having filed an ANSWER which did not include a

statute of limitations defense – which statements were absolutely false and designed to mislead

the Court into depriving Plaintiff BETTY ANN KUPFER, then Defendant, the absolute and

meritorious defense of statute of limitations.

29.     DENISE SINGH SKEETE ESQ. ("SKEETE") is an associate of KOSTERICH

FIRM and maintains a principal place of business at 68 Main Street, Tuckahoe, NY 10707 and

does business in this District. SKEETE file a knowingly false and deceitful statement and

declaration with the Court in the 4th Untimely & Fraudulently Filed Foreclosure Action and she

herself filed sworn declarations that contained false and deceitful statements. In particular

SKEETE filed a knowingly false declaration with the Nassau County Supreme Court in which

she lied about Plaintiff BETTY ANN KUPFER (then a defendant) allegedly having filed an

ANSWER which did not include a statute of limitations defense – which statements were absolutely false and designed to mislead the Court into depriving Plaintiff BETTY ANN KUPFER, then Defendant, the absolute and meritorious defense of statute of limitations.

30.     ROSICKI, ROSICKI & ASSOCIATES PC ("ROSICKI") is a professional corporation / a law firm that mains its principal place of business at 51 East Bethpage Road, Plainview, NY 11803. ROSICKI was a main conspirator with KOSTERICH and RESIDENTIAL MORTGAGE SOLUTIONS and on its behalf filed the Petition to Recover Real Property Holdover entitled *Residential Mortgage Solutions LLC v Betty Ann Kupfer et al Index # 006720-2018* ("The Holdover Petition") which was the effort to recover possession of The Subject Premises after KOSTERICH FIRM and its lawyers, RESIDENTIAL MORTGAGE SOLUTIONS acquired the deed to The Subject Premises based upon the fraudulently obtained judgment in the 4th Untimely & Fraudulently Filed Foreclosure Action. In support of the Holdover Petition, ROSICKI, RESIDENTIAL MORTGAGE SOLUTIONS, RMS ASSET MANAGEMENT, GETZELMAN, GUERIN, SLS and its representative WALLACE and BSI and its representative OWENS relied upon a defective 10 Notice to Cure. Eventually the Holdover Petition was withdrawn however not before having caused Plaintiffs damages ROSICKI helped organize and implement those aspects of the criminal enterprise and other wrongdoings from 2018 forward that had to do with unlawful attempts to remove Plaintiffs from The Subject Premises.

31.     MARK ANTOS ESQ. ("ANTOS") individually is an associate of ROSICKI and maintains his principal place of business at 51 East Bethpage Road, Plainview, NY 11803 and does business in this District. ANTOS was responsible for the filing of knowingly false and deceitful statements and declarations with the Court in The Holdover Petition and he himself filed sworn declarations that contained false and deceitful statements. In particular ANTOS filed

multiple knowingly false declarations with the Nassau County Supreme Court in which he continued the lie made by KOSTERICH in the 4th Untimely & Fraudulently Filed Foreclosure Action alleging that Plaintiff BETTY ANN KUPFER (then a defendant) allegedly filed an ANSWER which did not include a statute of limitations defense – which statements were absolutely false and designed to mislead the Court into depriving Plaintiff BETTY ANN KUPFER, then Defendant, the absolute and meritorious defense of statute of limitations. ANTOS filed multiple knowingly false declarations with the Nassau County Supreme Court in which lied about the Defective 10 Day Notice and misrepresented the authority given with which to allegedly pursue The Holdover Petition, when in fact the authorization provided was defective and came from RMS ASSET MANAGEMENT and GUERIN. As a result of ANTOS' false statements, Plaintiff suffered additional damages as a result of the unlawfully commenced and then abandoned The Holdover Petition.

32.      JOHN / JANE DOES 1 – 20 identities are not presently known but their identities can / should be discovered through and during this litigation.  The JOHN / JANE DOES 1 – 20 conspired with RESIDENTIAL MORTGAGE SOLUTIONS; RESIDENTIAL PROPERTIES; RMS RESIDENTIAL PROPERTIES; RESIDENTIAL MORTGAGE SERVICES; RMS ASSET MANAGEMENT LLC; JACK GETZELMAN; JAMES GUERIN; DAVID SKLAR; COLONIAL CAPITAL MANAGEMENT LLC; COLONIAL FUND 17 LLC; COLONIAL IMPACT FUND II LLC; SPECIALIZED LOAN SERVICING LLC; CYNTHIA WALLACE; SERVIS ONE INC. d/b/a BSI FINANCIAL SERVICES; NATALIE OWENS; SN SERVICING CORPORATION; JEFFREY A KOSTERICH LLC; JEFFREY A. KOSTERICH ESQ,; DENISE SINGH SKEETE ESQ.; ROSICKI, ROSICKI & ASSOCIATES PC; MARK ANTOS ESQ. in the furtherance of the fraud, scheme, criminal enterprise and other wrongful, unlawful, illegal and tortious conduct described in this Complaint.

## JURISDICTION AND VENUE

33.     This Court has personal and specific jurisdiction over all defendants by virtue of the fact that their acts of racketeering and/or other tortious activities were directed into this District and have had a direct impact on business and other activities in New York, or by operation of Fed. R. Civ. P. 4(k) (1-2).

34.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 18 U.S.C. § 1964(c) (RICO). Plaintiffs allege that Defendants conducted multiple racketeering activities that had a continuity of structure and purpose over an extended period of time. RICO provides federal jurisdiction for persons "injured in [their] business or property" by acts taken pursuant to a racketeering "enterprise." 18 U.S.C. § 1964(c). Defendants' wrongful, illegal and unlawful acts by coming together in a criminal enterprise – the object of which was to enrich Defendant real estate investors, Defendant loan servicing companies and Defendant lawyers – and which criminal enterprise constituted "racketeering activities" as that term is used in the Racketeering Influence and Corrupt Organizations Act 18 USC § 1952 et seq. and which included fraud (18 USC § 1341), mail and wire fraud (18 USC § 1343), bank fraud (18 USC § 1344 ), obstruction of justice (18 USC § 1503), interference with commerce (18 USC § 1951), and racketeering (18 USC § 1952).

35.     The Court has further federal subject matter jurisdiction over the Defendants for their Unfair and Deceptive Collection Practices in violation of Federal Fair Debt Collection Practices Act 15 USC § 1692 et seq.

36.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims brought under the laws of the State of New York including but not limited to Defendant attorneys lies and deceit in violation of New York State Judiciary Law § 487.

37.     The Court has additional supplemental jurisdiction pursuant to 28 U.S.C. § 1367

over Plaintiff's other state law claims including (i) tortious interference with Plaintiffs right to The Subject Premises; (ii) unjust enrichment; (iii) fraud; and (iv) other wrongful acts that led to Plaintiffs' suffering physical and emotional damages.

38.     Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) as it is in this District that Plaintiff resides and in which the unlawful acts by Defendants were committed.

## RELEVANT FACTS

39.     The facts set forth in this complaint are not based upon speculation or belief. As relates to the this complaint, and the damages that were caused by Defendants fraudulent scheme and conspiracy to acquire a deed to The Subject Premises and to then remove Plaintiffs from The Subject Premises, the facts all come from those of Defendants documents (i) that were mailed to Defendant during the period starting in March 2016 and continuing to April 2019 and (ii) that were filed with the Nassau County Supreme Court from 2016 to present and as compared to the other documents that are matters of public record and which were filed in the Nassau County Supreme Court from 2007 to 2015.

40.     By comparing the Defendants documents to the documents that were on file with the Nassau County Supreme Court prior to the commencement of the 4th Untimely & Fraudulent Foreclosure Action and Plaintiff's own documents filed in the 4th Untimely & Fraudulent Foreclosure Action, the criminal enterprise and unlawful scheme are absolute.

41.     All documents referred to in this complaint are being filed as a separate Appendix to this Complaint and should be incorporated herein by reference.

42.     A Short version of the relevant and irrefutable facts is this:

a.   Defendant RESIDENTIAL MORTGAGE SOLUTIONS lied to and filed / caused the filing of knowingly false declarations and pleadings in the Nassau County

Supreme Court in the 4th Untimely & Fraudulent Foreclosure Action from August 2016 to present, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully foreclose on, and remove Plaintiffs from, The Subject Premises;

      b.  Defendants KOSTERICH FIRM, KOSTERICH and SKEETE lied to and filed / caused the filing of knowingly false declarations and pleadings in the Nassau County Supreme Court in the 4th Untimely & Fraudulent Foreclosure Action from August 2016 to present, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully foreclose on, and remove Plaintiffs from, The Subject Premises;

      c.  Defendants SLS and its representative WALLACE lied and filed knowingly false declarations and pleadings in the Nassau County Supreme Court in the 4th Untimely & Fraudulent Foreclosure Action from August 2016 to present, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully foreclose on, and remove Plaintiffs from, The Subject Premises;

      d.  Defendants BSI and its representative OWENS lied and filed knowingly false declarations and pleadings in the Nassau County Supreme Court in the 4th Untimely & Fraudulent Foreclosure Action from August 2016 to present, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully foreclose on, and remove Plaintiffs from, The Subject Premises;

      e.  Defendants ROSICKI and ANTOS lied and filed or caused the filing of knowingly false declarations and pleadings in the Nassau County Supreme Court in the Unlawful & Fraudulent Holdover Petition from August 2018 to present, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully

remove Plaintiffs from The Subject Premises;

      f.  Defendants RMS RESIDENTIAL PROPERTIES, RMS ASSET MANAGEMENT, GETZELMAN and GUERIN lied and filed or caused the filing of knowingly false declarations and pleadings in the Nassau County Supreme Court in the 4th Untimely & Fraudulent Foreclosure Action from August 2016 to present and in the Unlawful & Fraudulent Holdover Petition from August 2018 to present, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully remove Plaintiffs from The Subject Premises;

      g.  The remaining Defendants conspired with RESIDENTIAL MORTGAGE SOLUTIONS and its counsel KOSTERICH FIRM, KOSTERICH, SKEETE, ROSICKI and ANTOS to allow RESIDENTIAL MORTGAGE SOLUTIONS to unlawfully file and prosecute the 4th Untimely & Fraudulent Foreclosure Action from August 2016 to present and the Unlawful & Fraudulent Holdover Petition from August 2018 to present by concealing material facts from the Nassau County Supreme Court, all of which were in furtherance of the criminal enterprise and conspiracy to unlawfully foreclose on, and then remove Plaintiffs from, The Subject Premises.

### **2006 to 2007**

43.    In July 2006, Plaintiff BETTY ANN KUPFER took out a mortgage and Note with Cornerstone Bancor Mortgage Corp. Plaintiff's Mortgage was recorded in the Nassau County Clerk's Office dated 1/2/2007 in Liber 31382, page 754.

44.    The Mortgage was assigned to RESIDENTIAL PROPERTIES LLC on November 3, 2006, which assignment was recorded in the Nassau County Clerk's Office on July 27, 2007 in Liber 32150, page 44.

45.    On May 10, 2007, RESIDENTIAL PROPERTIES LLC, represented by Edward A. Weiner Esq (not a defendant) filed a Lis Pendens and filed the 1st foreclosure action against Plaintiff BETTY ANN KUPFER for alleged failure to pay the mortgage.  See Lis Pendens Index # 07-008237.

46.    Plaintiff BETTY ANN KUPFER settled the 1st Foreclosure Action by securing a refinance which then allowed her to pay tens of thousands of dollars, which monies have NEVER been properly credited to Plaintiff BETTY ANN KUPFER and which monies were taken by persons who, unbeknownst to Plaintiff BETTY ANN KUPFER had no interest in The Subject Premises.

47.    As of May 10, 2007, and continuing thereafter, and as verified by the records of the Nassau County Supreme Court, the Subject Mortgage and Note were assigned to and in the possession of RESIDENTIAL PROPERTIES LLC

**2007 to 2009**

48.    Plaintiff BETTY ANN KUPFER never made another payment on The Mortgage and Note.  This failure to make another payment was in part due to the fact that Plaintiff's payment to settle the 1st Foreclosure Action was never properly accounted for.

49.    The failure to make another payment was also because refinance The Subject Mortgage and Note was because Plaintiff discovered that the original and refinanced Mortgage and Note were what has come to be known as "Toxic Mortgages" that should never have been given and through which fraudulent and predatory lending and collection practices were designed and intended to cause Plaintiff BETTY ANN KUPFER and the millions of other victims of the "Toxic Mortgage" crisis in the United States to lose their homes.

50.    In 2009, RMS RESIDENTIAL PROPERTIES commenced the 2nd Foreclosure Action against Plaintiff.  That action is entitled *RMS Residential Properties v Betty Ann Kupfer*

*Index # 23509/2009*, and McCabe Weisberg & Conway represented RMS RESIDENTIAL PROPERTIES in that action.

51.     According to the 2nd Foreclosure Action, Plaintiff BETTY ANN KUPFER was in default of paying the Subject Mortgage and Note as of 2009.

52.     This fact would then cause the applicable statute of limitations to expire in 2015, BEFORE the start of the 4th Untimely & Fraudulent Foreclosure Action, which has led to this complaint.

53.     The 2nd Foreclosure Action against Plaintiff BETTY ANN KUPFER was dismissed for failure to comply with the applicable rules of the RPAPL § 1304 because RMS RESIDENTIAL PROPERTIES failed to follow the rules. RMS RESIDENTIAL PROPERTIES was given time to cure its defects and if it failed to do so, the Court would dismiss the action for want of prosecution.   See August 8, 2011 Order of the Nassau County Supreme Court.

54.     Instead of curing the defects explained in the August 2011 Order, on December 5, 2012 and then again on August 4, 2015, RMS RESIDENTIAL PROPERTIES re-filed Lis Pendens(es) and Notice(s) of Pendency in further support of RMS RESIDENTIAL PROPERTIES efforts to Foreclose on The Subject Mortgage and Note.

55.     RMS RESIDENTIAL PROPERTIES took no steps to cure the defects in the 2nd Foreclosure Action.

56.     On February 22, 2016, KOSTERICH FIRM and KOSTERICH replaced the lawyer originally representing RMS RESIDENTIAL PROPERTIES and voluntarily dismissed the 2nd Foreclosure Action.   See Stipulations signed by KOSTERICH FIRM and KOSTERICH

57.     At all times from November 6, 2006 to March 31, 2014, RESIDENTIAL PROPERTIES LLC was listed and formally recognized with the filing of record in the Nassau County Clerk's Office as the Owner, Assignee and Holder of The Subject Mortgage and Note.

58.     As explained below, this dismissal of 2nd Foreclosure Action in which

RESIDIDENTIAL  MORTGAGE  SOLUTIONS or RMS RESIDENTIAL  PROPERTIES and any

of the other entities  that used the names RMS, or RESIDENTIAL  MORTGAGE etc in their

names OR any other entity  that claimed  an interest  in The Subject Mortgage  and Note.  The other

dismissal  is explained  below as relates  to the 3rd Foreclosure  Action.

59.     As of August  2011, when the Nassau Supreme  Court issued  its condition

dismissal  of the 2nd Foreclosure  Action, and continuing  thereafter,  and as verified  by the records

of the Nassau County Supreme  Court, the Subject Mortgage  and Note continued  to be listed  as

having  been formally  assigned  to and in the possession  of RESIDENTIAL  PROPERTIES  LLC.

60.     There were no changes  to the assignment  and holders  of the Subject Mortgage

and Note until  2014, as is explained  in the next section.

61.     However,  during  this period  and continuing  to the present,  various  entities  with

the similar  names and initials  claimed  to be the owners and holders  of The Subject Mortgage  and

Note.

62.     The truth as confirmed  by the documents  filed  and on record  with the Nassau

County Supreme  Court show that the original  owner of The Subject Mortgage  and Note was

Cornerstone Bancor Mortgage  Corp and the ONLY assignment  ever made was to

RESIDENTIAL  PROPERTIES  LLC.

63.     As explained  below, RESIDENTIAL  PROPERTIES  never paid Cornerstone

Bancor Mortgage  Corp for the assignment  and as a result and as explained  below, in 2014 The

Subject Mortgage  and Note, were formally  documented  with the Nassau County Clerk's Office

as being  re-assigned  by RESIDENTIAL  PROPERTIES  to Cornerstone Bancor Mortgage  Corp.

**2010 to 2015**

64.     As explained  and note above, after the payment  in 2007, Plaintiff  BETTY  ANN

KUPFER never made another payment on The Mortgage and Note.

65.     This failure to make another payment continued to be in part due to the fact that Plaintiff's payment to settle the 1st Foreclosure Action was never properly accounted for. And, this failure to make another payment was also because refinance The Subject Mortgage and Note was because Plaintiff discovered that the original and refinanced Mortgage and Note were what has come to be known as "Toxic Mortgages" that should never have been given and through which fraudulent and predatory lending and collection practices were designed and intended to cause Plaintiff BETTY ANN KUPFER and the millions of other victims of the "Toxic Mortgage" crisis in the United States to lose their homes.

66.     On March 31, 2014, RESIDENTIAL PROPERTIES formally "re-assigned" The Mortgage and Note to Cornerstone Bancor Mortgage Corp. See Nassau County Clerk's Office Book 39604, page 540.

67.     Prior to this formal re-assignment, on May 31, 2013, RMS RESIDENTIAL PROPERTIES (the plaintiff in the 2nd Foreclosure Action) commenced a 3rd Foreclosure Action entitled, _RMS Residential Properties LLC v Cornerstone Bancor Mortgage Corp, Residential Properties LLC and John Doe # 1 through John Doe # 12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises (66 North Grove Street, Valley Stream, NY), Index # 601416-2013._ It is important to note that in the 3rd Foreclosure Action, RMS RESIDENTIAL PROPERTIES LLC intentionally omitted Plaintiff BETTY ANN KUPFER's name at a time when it absolutely knew that Plaintiff BETTY ANN KUPFER was the owner, resident and occupier of The Subject Premises and it was Plaintiff BETTY ANN KUPFER who was the obligor on The Subject Mortgage and Note.

68.     In the 3rd Foreclosure Action, RMS RESIDENTIAL PROPERTIES LLC claimed

that a "scrivner's errors" led to the Assignment of the Mortgage and Note erroneously executed in favor of and designated RESIDENTIAL PROPERTIES LLC, when in allegedly in fact, it was RMS RESIDENTIAL PROPERTIES LLC that was the lawful owner, assignee and holder of The Subject Mortgage and Note and had been so since 2006. See 3rd and 4th paras. of Complaint in *RMS Residential Properties LLC v Cornerstone Bancor Mortgage Corp, Residential Properties LLC and John Doe # 1 through John Doe # 12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises (66 North Grove Street, Valley Stream, NY), Index # 601416-2013.*

69.     In the 7th par. of the 3rd Foreclosure Action, RMS RESIDENTIAL PROPERTIES LLC admitted that the statute of limitations was running out on The Subject Mortgage and Note.

70.     The 3rd Foreclosure Action was contested and eventually RMS RESIDENTIAL PROPERTIES LLC lost, and the action was dismissed, with The Subject Mortgage and Note remaining as formally assigned to RESIDENTIAL PROPERTIES LLC.  See docket 3rd Foreclosure Action.

71.     Prior to losing the case RMS RESIDENTIAL PROPERTIES solicited that SLS and its representative WALLACE file an "Affidavit of Physical Possession" dated August 7, 2015 ("The 2015 SLS & WALLACE Affidavit") in support of the 3rd Foreclosure Action.

72.     In The 2015 SLS & WALLACE Affidavit, SLS and WALLACE swore at paras 4 to 6, that:

> *RMS RESIDENTIAL PROPERTIES LLC obtained physical possession of the note and mortgage on 11/09/06.  The original Note is currently located at 8742 Lucent Boulevard Suite 300, Highlands, Colorado 80129.  Plaintiff has established a meritorious cause of action by showing it possessed the subject note on 11/09/06 which was prior to the commencement of the instant action.  Moreover, a review of the records maintained by*

*SLS in the ordinary course of business reveals that the borrowers (Kupfer) remain in default under the terms of the note.*

73.     The importance of the 2015 SLS & WALLACE AFFIDAVIT in the 3rd Foreclosure Action is that in the 4th Untimely & Fraudulently Filed Foreclosure Action, SLS and WALLACE filed yet another Affidavit in which they lied and changed their sworn allegations of fact to suggest that RESIDENTIAL MORTGAGE SOLUTIONS was and had always been the lawful owner, assignee and holder of The Subject Mortgage and Note dating back to November 9, 2006.

74.     During this period and continuing to the present, various entities with the similar names and initials continued to claim to be the owners and holders of The Subject Mortgage and Note.

75.     However, the truth as confirmed by the documents filed and on record with the Nassau County Supreme Court show that the original owner of The Subject Mortgage and Note was Cornerstone Bancor Mortgage Corp and the ONLY assignment ever made was to RESIDENTIAL PROPERTIES LLC.

76.     Further, after the loss and dismissal of the 2nd and 3rd Foreclosure Actions, the documents filed and on record with the Nassau County Supreme Court show that the original owner and holder of The Subject Mortgage and Note was Cornerstone Bancor Mortgage Corp, which assigned The Subject Mortgage and Note to ONLY RESIDENTIAL PROPERTIES LLC and that on March 31, 2014 RESIDENTIAL PROPERTIES re-assigned The Subject Mortgage and Note to Cornerstone Bancor Mortgage Corp.

77.     The documents filed and on record with the Nassau County Supreme Court show that RESIDENTIAL MORTGAGE SOLUTION LLC was NOT, and none of its affiliated entities or any other entity were at any times, the owner, assignee or holder of The Subject

Mortgage and Note.

78.      It is at this point that RESIDENTIAL MORTGAGE SOLUTIONS, KOSTERICH

FIRM, KOSTERICH, ROSICKI and others cooked up the criminal enterprise, scheme and fraud,

to commence the 4th Untimely & Fraudulently Filed Foreclosure Action and to support it with

their own lies and misrepresentations, as well as false Affidavits that would be filed by SLS and

its representative WALLACE and BSI and its representative OWENS.

79.      The criminal enterprise, scheme and fraud was designed and intended to take a

case – which was dead on arrival – because the claim had been dismissed two times [1]; because

the applicable statute of limitations on the claim had expired at least in 2015 (remember the 2nd

Foreclosure Case was started in 2009 and 6 years from 2009 is 2015 – which is BEFORE the

filing of the 4th Untimely & Fraudulently Filed Foreclosure Action); because the records in the

Nassau County Clerk's Office showed / confirmed that RESIDENTIAL MORTGAGE

SOLUTIONS was not and had never been the owner, assignee or holder of The Subject

Mortgage and Note.

80.      The criminal enterprise, scheme and fraud required the filing of knowingly false

and deceitful Affidavits and pleadings – that were contradicted by the above facts – and which

false and deceitful Affidavits and pleadings were designed and intended to mislead or trick the

Nassau County Supreme Court – Foreclosure Part (which is / was overworked and in which

KOSTERICH FIRM, KOSTERICH and ROSICKI had an advantage and ability to manipulate

unsuspecting and trusting clerk's and judges into accepting as true the lies, misrepresentations of

fact as contained in the false statements, Affidavit and pleadings they intended to and did file) so

---

[1]      It is Plaintiffs' understanding that a claim can be dismissed one time without it being prevented
from being re-filed.  However, when a claim is dismissed for the second time, unless it is expressly
ordered that the claim can be re-filed, when it is dismissed the second time, that second dismissal is a
dismissal with prejudice and prevents the claim from ever being refiled.

as to take advantage of Plaintiffs BETTY ANN KUPFER and CHARLES KUPFER who were unemployed senior citizens, on fixed and limited incomes who had fought for years to try to get accounting for the tens of thousands of dollars paid toward the Toxic Mortgage and who they believed they could intimidate, threaten and ultimately trick into giving over The Subject Premises or tricking the Court into granting the 4th Untimely & Fraudulently Filed Foreclosure Action, giving RESIDENTIAL MORTGAGE SOLLUTIONS the deed and then removing Plaintiffs from The Subject Premises.

81.     The criminal enterprise, scheme and fraud was motivated by pure greed and as relates to KOSTERICH FIRM, KOSTERICH, SKEETE, ROSICKI and ANTOS an apparent desire to expand their client base for their "Foreclosure and Holdover" practices.

### 2016 to 2018

82.     By January 1, 2016, the applicable statutes of limitations on ANY action by ANY entity seeking to foreclose on The Subject Premises or to demand monies be paid pursuant to The Subject Mortgage and Note had expired.

83.     Plaintiffs BETTY ANN KUPFER and CHARLES KUPFER never sought to evade lawful creditors.

84.     From 2009 to 2015, Plaintiffs were threatened, harassed and intimidated by dozens of letters and phone calls made to them trying to scare them and they subjected to three separate lawsuits and forced to defend themselves (which took a great monetary, physical and emotional toll) as multiple entities none of which were the lawful owners, assignees and holders of the Subject Mortgage and Note, sought to foreclose on The Subject Premises.

85.     From 2009 to 2015, Plaintiffs were threatened, harassed and intimidated by RMS RESIDENTIAL PROPERTIES LLC, SLS and BSI each of which sent threatening letters demanding hundreds of thousands of dollars in allegedly overdue Mortgage Payments, without

ever accounting for the prior payments or explaining the overcharges which amount to an OVERCHARGE of more than TWO HUNDRED FIFTY PERCENT of the Mortgage itself and they were subjected to threatening and harassing phone calls and persons who appeared unannounced at their home at night and on weekends.

86.     In 2016, KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SERVICES LLC and RESIDENTIAL MORTGAGE SOLUTIONS changed the threats and pressure to support the criminal enterprise, scheme and fraud that they had up their sleeve.

87.     On March 4, 2016, KOSTERICH FIRM and KOSTERICH sent a threatening letter to try to pressure Plaintiff BETTY ANN KUPFER into paying $ 705,025.80 to RESIDENTIAL MORTGAGE SERVICES LLC.

88.     As of the date the March 4, 2016 letter was sent, KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SERVICES no longer had a valid claim that Plaintiff BETTY ANN KUPFER pay any monies on The Subject Mortgage and Note and certainly not the usurious and inflated amount of $705,025.80 that was demanded.

89.     The March 4, 2016 Letter by KOSTERICH FIRM and KOSTERICH on behalf of RESIDENTIAL MORTGAGE SERVICES contained knowingly false statements and misrepresentations of fact in which they claimed that Plaintiff BETTY ANN KUPFER had defaulted and failed to make any payment on The Subject Mortgage and Note from September 1, 2010 forward (in the March 4, 2016 Letter, KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SERVICES said Plaintiff BETTY ANN KUPFER was 2012 days in default in her payments – which makes the default date September 1, 2010).

90.     The statement in the May 4, 2016 Letter by KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SERVICES that Plaintiff BETTY ANN KUPFER last payment on The Subject Mortgage and Note was September 1, 2010 a lie.  The purpose behind

this lie was to extend the statute of limitations which had already expired in 2015 as was evidence in the statements made in support of the 2nd Foreclosure Action.

91.     The lies in the May 4, 2016 letter by KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SERVICES was to set the stage for the remainder of the LIES told by KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SOLUTIONS in the 4th Untimely & Fraudulently Filed Foreclosure Action.

92.     NYS Judiciary law 487 which provides that *"an attorney or counselor who . . . is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."*

93.     The lies in the May 4, 2016 Letter violated NYS Judiciary law 487 and were used in the filing of the 4th Untimely & Fraudulently Filed Foreclosure Action.

94.     From March 4, 2016 to July 2016, SLS started sending letters and mortgage statements demanding that Plaintiff BETTY ANN KUPFER pay monies for the allegedly overdue Mortgage.

95.     In particular on August 1, 2016, SLS sent a Mortgage Statement which also contained knowingly false statements and misrepresentations of fact in which they claimed that Plaintiff BETTY ANN KUPFER had defaulted and this Mortgage Statement conflicted with and showed that the March 4, 2016 Letter contained lies and misrepresentations as to the alleged default date. In the August 1, 2016 Mortgage Statement, SLS stated that "As of July 18, 2016, you are 2178 days delinquent on your mortgage loan" (2178 days from July 18, 2016 makes the alleged default date August 2, 2010 – which differed from the September 1, 2010 default date that was alleged in the March 4, 2016 Letter).

96.     There is an old saying it is never hard to remember the truth, because the facts do NOT change.  However, if and when you tell a lie, you have to remember the specifics to make sure that the facts in the lie match up with the facts you want people to believe.

97.     The March 4, 2016 Letter by KOSTERICH FIRM, KOSTERICH and RESIDENTIAL MORTGAGE SERVICES and the July 18, 2016 Mortgage Statement by SLS were lies that were to form the basis for and were integral to the filing of the 4th Untimely & Fraudulently Filed Foreclosure Action.

98.     On July 27, 2016, KOSTERICH FIRM and KOSTERICH filed the 4th Untimely & Fraudulently Filed Foreclosure Action.

99.     The March 4, 2016 Letter which was the necessary predicate under RPAPL required for the filing of any foreclosure complaint, even if such an action could have been filed, which it could not.

100.    In any event, the 4th Untimely & Fraudulently Filed Foreclosure Action was NOT filed on behalf of RESIDENTIAL MORTGAGE SERVICES – which was the entity that made the demand – albeit an unlawful and untimely demand – but a demand nevertheless that was required under the same RPAPL rules that were violated by RMS RESIDENTIAL PROPERTIES LLC in the 2nd Foreclosure action which was cited as the reason for the conditional dismissal on August 8, 2011.

101.    On July 27, 2016, RESIDENTIAL MORTGAGE SOLUTIONS (not RESIDENTIAL MORTGAGE SERVICES and not RESIDENTIAL PROPERTIES and not Cornerstone Bancor Mortgage – the lawful and record holder of the Mortgage and Note) filed Notice of Pendency and the 4th Untimely & Fraudulently Filed Foreclosure Action.

102.    On August 5, 2016, RESIDENTIAL MORTGAGE SOLUTIONS filed an Amended Notice of Pendency and an Amended Summons and Complaint in support of the 4th

Untimely & Fraudulently Filed Foreclosure Action.

103. In October 2016, in response to the 4th Untimely & Fraudulently Filed Foreclosure Action, Plaintiff BETTY ANN KUPFER filed a Declaration stating that the papers had not been properly served and requested the Court give her an extension of time to file her Answer or otherwise move against the 4th Untimely & Fraudulently Filed Foreclosure Action.

104. The significance of this Declaration is that KOSTERICH FIRM, KOSTERICH, SKEETE and RESIDENTIAL MORTGAGE SOLUTIONS lied about this Declaration in which Plaintiff BETTY ANN KUPFER did nothing more than outlined some of the affirmative defenses that she would include when she filed her ANSWER or moved against the Complaint once the issue of service was resolved.

105. From this point forward, KOSTERICH FIRM, KOSTERICH, SKEETE and RESIDENTIAL MORTGAGE SOLUTIONS lied to the Nassau County Supreme Court filed no less than six separate pleadings and Affidavits in support of a Motion for Summary Judgement, and in opposition to BETTY ANN KUPFER's Motion to Dismiss, in which they intentionally and deceitfully mischaracterized the October 2016 KUPFER Declaration as an ANSWER to the 4th Untimely & Fraudulently Filed Foreclosure Action and they did this to mislead the Nassau County Court into believing that BETTY ANN KUPFER had waived her ability and rights to raise the absolute and meritorious defense of statute of limitations that would have led to the immediate dismissal of the 4th Untimely & Fraudulently Filed Foreclosure Action.

106. These lies and deceit by mischaracterizing and repeatedly referring to the October 2016 Kupfer Declaration as an ANSWER – which it was not – was the basis for the Nassau County Court improperly denying BETTY ANN KUPFER's statute of limitations defense, refusal to consider BETTY ANN KUPFER's other meritorious defenses and ultimately granting Summary Judgement awarding the deed to The Subject Premises to RESIDENTIAL

MORTGAGE SOLUTIONS.

107.    From 2017 to late 2018, BETTY ANN KUPFER fought to try to get the Nassau

County Court to reconsider its position and to realize that the October 2016 Declaration was just

that – a Declaration – NOT AN ANSWER and to reconsider her other meritorious arguments

showing statute of limitations, lack of standing and that RESIDENTIAL MORTGAGE

SOLUTIONS could NOT bring the 4th Untimely & Fraudulently Filed Action.

108.    In response to each of these efforts, RESIDENTIAL MORTGAGE SOLUTIONS,

KOSTERICH FIRM, KOSTERICH and SKEETE filed even more statements re-affirming the

LIE that the October 2016 Kupfer Declaration was an ANSWER – which it was NOT.

109.    In addition to the LIES in violation of NYS Judiciary Law 487 told by

KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer

Declaration, the following additional lies and false statements were made in furtherance of the

criminal enterprise, scheme and fraud:

> a.  LIES and MISSTATEMENT by SLS and its representative WALLACE
>
> that The Subject Mortgage and Note had been assigned to and were held by and in the
>
> possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In
>
> a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE
>
> Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form
>
> document that the original note was delivered to RESIDENTIAL MORTGAGE
>
> SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with
>
> (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it
>
> (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS
>
> & WALLACE Affidavit is a lie. It is contradicted by the public records on filed with
>
> the Nassau County Clerk. It is also contradicted by the 2015 SLS & WALLACE

Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006;

  b. LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that:

    i. At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie. It is contradicted by the public records on filed with the Nassau County Clerk. It is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006;

    ii. At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie. It is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions;

110. Each of the above lies and intentional misstatements of fact were made in furtherance of the criminal enterprise, fraud and scheme to foreclose upon The Subject Premises

and remove Plaintiffs from their home AND in the process scare them into believing that they have no rights and that they must surrender The Subject Premises and get out.

111.    In furtherance of the criminal enterprise, fraud and scheme and in order to put additional and unnecessary pressure on the Plaintiffs, RESIDENTIAL MORTGAGE SOLUTION and its lawyers and loan servicing companies, engaged in a pattern of sending additional, harassing and threatening letters and making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights.

112.    By way of example, one of the threatening and unlawful letters was sent by BSI on February 17, 2017 (after the commencement of the 4th Untimely & Fraudulently Filed Foreclosure Action") and which was sent on behalf of a "Lender" whose identity BSI failed / refused / did not disclose.  This letter was an attempt to trick Plaintiffs into giving up their rights to The Subject Premises and was an attempt to buy out their rights for $15,000.

113.    This is but one of dozens of letters that Plaintiffs received from 2015 forward from SLS, BSI and other alleged mortgage loan servicing entities, including ClearSpring Loan Services Inc. of Dallas Texas.

114.    In addition, the ONLY Notice of ANY Assignment that Plaintiffs received from ANY entity was an April 13, 2016 letter from SN Servicing Corporation also of Dallas, Texas. This letter was sent AFTER the March 4, 2016 Letter from KOSTERICH FIRM, KOSTERICH and on behalf of RESIDENTIAL MORTGAGE SERVICES.  The significance of this April 13, 2016 letter is that it is from yet ANOTHER entity that shows yet ANOTHER entity – NOT RESIDENTIAL MORTGAGE SOLUTIONS – is was the alleged owner of the Mortgage & Note. The entity that SN Servicing told Plaintiff was the "owner" of The Subject Mortgage & Note was COLONIAL IMPACT FUND II LLC.  See April 13, 2016 Letter.

115.     The importance and significance of the April 13, 2016 letter from SN Servicing is that it contradicts the sworn statements and allegations made by RESIDENTIAL MORTGAGE SOLUTIONS in the 4th Untimely & Fraudulently Filed Foreclosure Action, which was filed only three months after this April 13, 2016 letter from SN Servicing.

116.     The further importance and significance of the April 13, 2016 Letter from SN Servicing is to show that after the dismissal of the 1st, 2nd and 3rd Foreclosure Actions, multiple different entities surfaced to claim they were the lawful owners, purchaser, assignee and holder of The Subject Mortgage & Note, that each of these different entities demanded payments or they threatened foreclosure and eviction and attempted to trick Plaintiffs into paying them tens and hundreds of thousands of dollars when NONE of them were the lawful and recorded owners, assignees and holders of The Subject Mortgage & Note and at a time when the applicable statutes of limitations had expired and NO ONE was entitled to demand any payment on The Mortgage & Note from Plaintiffs and NO ONE was allowed to foreclose, take the deed away from Plaintiff or remove Plaintiffs from The Subject Premises.

117.     As a result of the LIES and DECEIT and false statements made by RESIDENTIAL MORTGAGE SOLUTIONS, KOSTERICH FIRM, KOSTERICH, SKEETE, SLS, WALLACE, BSI, OWENS and others in the 4th Untimely & Fraudulently Filed Foreclosure Action, in May 2018 the deed to The Subject Premises was assigned (albeit wrongly, unlawfully and as a result of lies and deceit committed against BETTY ANN KUPFER and on the Nassau County Supreme Court) to RESIDENTIAL MORTGAGE SOLUTIONS.

118.     In August 2018, Plaintiffs discovered new evidence which included text messages they received from Angela Sutphen the representative of Cornerstone Bancor Mortgage Corp.) the original owner and holder of The Subject Mortgage & Note. The messages were sent on May 2, 2018 at 4:01 and 4:26 PM from Angela Sutphen's Cell Phone +15163669969 saying:

*. . . Charlie if this u, I don't know why u don't put in a defense against
this foreclosure from "Residential Mortgage Solution LLC".*

*. . . they never had an assignment from Cornerstone to buy it, they lost
in a court order that they didn't own the note and they falsely started a
foreclosure with Edward A. Weiner esq. (516) 742-1212 in 2007
pretending to be Residential Properties who is owned by Brain
Lazarus of Toy R Us family who gave me back the Assignment. Then I
sold the loan legally to Colonial Fund for $160,000.00. They don't
want to foreclosure on it. Look up the suit they had against
Cornerstone you'll will see Judge Bruno denied their motion 10/23/14
Index # 601416/2013. I got the assignment back legally from Res.
Properties and recorded it. The last two known owners of the note are
Cornerstone and then Colonial Fund. These people have no legal right
to foreclose and I can testify to that . . .*

*. . . If u look up the lawsuit they had against Cornerstone you'll see
judge Robert A Bruno denied their Motion on 10/23/14 index
601416/2013 of their claim that they own the note because I got the
assignment back legally from Residential Properties and recorded it   so
the last two known owners of the note are Cornerstone and then there is
a recorded assignment Colonial Fund. These people have no legal right
to foreclose and I can testify to that . . . look if u would only work with
me, I could get Colonial to accept the discounted payment of
$160,000.00 they paid for the note. I could get u either a reverse for
that plus closing costs or a regular mortgage since it's such a low loan
to value . . . think smart  I could help u."*

119.    The evidence from Angela Sutphen (representative of Cornerstone Bancor

Mortgage Corp - the original and recorded owner and holder of The Subject Mortgage and Note

confirmed (i) that RESIDENTIAL MORTGAGE SOLUTION LLC has no right to foreclose; (ii)

that RESIDENTIAL MORTGAGE SOLUTION and its lawyers are / were playing games and

LYING to the Court by pretending to be RESIDENTIAL PROPERTIES to which the Subject

Mortgage and Note were at one time sold and as to which an assignment was once duly recorded

but as to which the Subject Mortgage and Note were reassigned from RESIDENTIAL

PROPERTIES back to Cornerstone Bancor Mortgage Corp; (iii) Cornerstone Bancor Mortgage

Corp. then sold the Subject Mortgage and Note to an entity that was NOT RESIDENTIAL

MORTGAGE SOLUTIONS and for which the assignment was lawfully and duly recorded; (iv)

that at the time RESIDENTIAL MORTGAGE SOLUTIONS LLC started the 4th Untimely &

Fraudulently Filed Foreclosure Action, it was NOT the assignee, owner and holder of the Subject

Mortgage and Note, and (v) the sworn statements and pleadings filed by RESIDENTIAL

MORTGAGE SOLUTIONS, KOSTERICH FIRM, KOSTERICH, SLS, WALLACE, BSI and

OWENS were knowingly false and were LIES.

  120. In response to the Order to Show Cause in the Nassau County Supreme Court in

which RESIDENTIAL MORTGAGE SOLUTIONS, again raised and submitted the same LIES,

MISREPRESENTATIONS, DECEIT and COLLUSION that was throughout the 4th Untimely &

Fraudulently Filed Foreclosure Action and this Order to Show Cause came before a new and

different Judge of the Nassau County Supreme Court who signed the Order to Show Cause and

temporarily enjoined RESIDENTIAL MORTGAGE SOLUTIONS from taking any further

efforts against Plaintiff.  RESIDENTIAL MORTAGE SOLUTIONS, KOSTERICH FIRM,

KOSTERICH, SKEETE, SLS, WALLACE, BSI, OWENS and others submitted opposition

which again incorporated and repeated all the LIES and MISREPRESENTATIONS as explained

above.

  121. The August 2018 Order to Show Cause was somehow "re-assigned" to the same

Judge that was originally misled by the LIES, MISREPRESENTATIONS, DECEIT and

COLLUSION that was throughout the 4th Untimely & Fraudulently Filed Foreclosure Action,

which LIES and FALSE STATEMENTS were again made by or reiterated using the original

LIES and FALSE STATEMENTS by RESIDENTIAL MORTAGE SOLUTIONS, KOSTERICH

FIRM, KOSTERICH, SKEETE, SLS, WALLACE, BSI and OWENS and others.  The same

Judge who was originally deceived by the LIES and FALSE STATEMENTS was again deceived by the same LIES and MISREPRESENTATIONS and lifted the restraints so that RESIDENTIAL MORTGAGE could move forward and use the deed to The Subject Premises that was secured through LIES and DECEIT and so that RESIDENTIAL MORTGAGE SOLUTIONS could try to remove Plaintiffs from The Subject Premises.

122.    As a result of the LIES, MISREPRESENTATIONS, DECEIT and COLLUSION that were filed in opposition to the August 2018 Order to Show Cause and which were throughout the 4th Untimely & Fraudulently Filed Foreclosure Action, the August 2018 Order to Show Cause came before a new and different Judge of the Nassau County Supreme Court who signed the Order to Show Cause and temporarily enjoined RESIDENTIAL MORTGAGE SOLUTIONS from taking any further efforts against Plaintiff. RESIDENTIAL MORTAGE SOLUTIONS, KOSTERICH FIRM, KOSTERICH, SKEETE, SLS, WALLACE, BSI, OWENS and others submitted opposition which again incorporated and repeated all the LIES and MISREPRESENTATIONS as explained above.

123.    Once again the same Judge who was deceived by the LIES and MISREPRESENTATIONS that were told throughout the 4th Untimely & Fraudulently Filed Foreclosure Action, believed the LIES that were again told by RESIDENTIAL MORTAGE SOLUTIONS, KOSTERICH FIRM, KOSTERICH, SKEETE, SLS, WALLACE, BSI, OWENS and others who submitted, incorporated and/or repeated all the LIES and MISREPRESENTATIONS as explained above and again tricked the Nassau County Court to lift the injunction and allow RESIDENTIAL MORTGAGE SOLUTIONS to proceed to attempt to remove the Plaintiffs from The Subject Premise on the basis of the May 22, 2018 Deed that was secured through the LIES, DECEIT and COLLUSION in the 4th Untimely & Fraudulently Filed Foreclosure Action.

124.    As a result of the lies and deceit committed against BETTY ANN KUPFER and on the Nassau County Supreme Court) in the 4th Untimely & Fraudulently Filed Foreclosure Action, KOSTERICH FIRM, KOSTERICH and SKEETE were unjustly enriched in an amount which is believed to be in the hundreds of thousands of dollars that represent attorneys and other fees that they received or are to receive from RESIDENTIAL MORTGAGE SOLUTIONS and others.

125.    As a result of the lies and deceit committed against BETTY ANN KUPFER and on the Nassau County Supreme Court) in the 4th Untimely & Fraudulently Filed Foreclosure Action, SLS and WALLACE were unjustly enriched in an unknown amount which is believed to be in the thousands of dollars that they received or are to receive from RESIDENTIAL MORTGAGE SOLUTIONS and others.

126.    As a result of the lies and deceit committed against BETTY ANN KUPFER and on the Nassau County Supreme Court) in the 4th Untimely & Fraudulently Filed Foreclosure Action, BSI and OWENS were unjustly enriched in an unknown amount which is believed to be in the thousands of dollars that they received or are to receive from RESIDENTIAL MORTGAGE SOLUTIONS and others.

127.    As a result of the lies and deceit committed against the Plaintiffs in the 4th Untimely & Fraudulently Filed Foreclosure Action, Plaintiffs suffered monetary damages in an amount to be determined as a result of the threats, harassment and unlawful actions by Defendants.

128.    As a result of the lies and deceit committed against the Plaintiffs in the 4th Untimely & Fraudulently Filed Foreclosure Action, Plaintiffs suffered physical and emotional damages as a result of the threats, harassment and unlawful actions by Defendants.

## The Defective & Improper 2018 Holdover Petition

129.    After RESIDENTIAL MORTGAGE SOLUTIONS wrongfully got the deed to
The Subject Premises, as a result of the lies and deceit committed against the Plaintiffs in the 4th
Untimely & Fraudulently Filed Foreclosure Action, RESIDENTIAL MORTGAGE
SOLUTIONS turned to ROSICKI and ANTOS and RMS ASSET MANAGEMENT to assist it
in pursuing the unlawful and defective Holdover Petition, which was predicated on a defective
Ten Day Notice to Quit signed by GUERIN and a falsely sworn Certificate of Authority
executed by RMS ASSET MANAGEMENT and DAVID SKLAR .

130.    From November 30, 2018 to March 2019, RESIDENTIAL MORTGAGE
SOLUTIONS, RMS ASSET MANAGEMENT, GUERIN and SKLAR and ROSICKI and
ANTOS filed false statements of fact and misrepresentations in support of The Holdover
Petition.

131.    The false statements of fact and misrepresentations ALSO included ROSICKI and
ANTOS' filing of Declarations in which the regurgitated the OLD LIE originally told (very
successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely &
Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover
Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL
MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject
Premises were barred by the applicable statutes of limitations, that defense was LOST or waived
by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a
reference to the October 2016 Declaration) and which statements were outright LIES this time by
ROSICKI and ANTOS in violation of NYS Judiciary Law 487.

132.    The false statements of fact and misrepresentations ALSO included ROSICKI and
ANTOS' filing of Declarations in which they LIED about the defects in the Ten-Day Notice by

GUERIN and SKLAR.

133. From November 30, 2018 until March 2019, RESIDENTIAL MORTGAGE SOLUTIONS, ROSICKI and ANTOS forced Plaintiffs to expend thousands of dollars in lawyers' fees and other costs to defend themselves in the 2018 Holdover Petition that should never have been filed in the first place.

134. The 2018 Holdover Petition was abandoned by RESIDENTIAL MORTGAGE SOLUTIONS, ROSICKI and ANTOS in March 2019 after RESIDENTIAL MORTGAGE SOLUTIONS, ROSICKI and ANTOS refused to participate in the trial that Plaintiff insisted upon and at which Plaintiff intended to raise all her / their defenses and counter-claims.

135. As a result of the lies and deceit committed against the Plaintiffs in the 2018 Holdover Petition, Plaintiffs suffered monetary damages in an amount to be determined as a result of the threats, harassment and unlawful actions by Defendants.

136. As a result of the lies and deceit committed against the Plaintiffs in the 2018 Holdover Petition, Plaintiffs suffered physical and emotional damages as a result of the threats, harassment and unlawful actions by Defendants.

### April 2019 Forward

137. On April 20, 2019, RESIDENTIAL MORTGAGE SOLUTIONS served a NEW Ten (10) Day Notice to Quit, this one signed by GETZELMAN on behalf of RESIDENTIAL MORTGAGE SOLUTIONS and is once again threatening to try to remove Plaintiffs from The Subject Premises.

138. The April 20, 2019 Ten Day Notice to Quit is important because it appears to show that the Certificate of Authority provided as alleged authority to pursue the 2018 Holdover Petition was by a person (David Sklar) who did NOT HAVE and apparently NEVER had authority to act or authorize The 2018 Holdover Petition and whose name is conspicuously

Page 45

absent from the April 20, 2019 Ten Day Notice.

139.    Plaintiffs have a justifiable reason to believe that IF they are not stopped now, so that they status quo can be preserved as the Court considers this case, that RESIDENTIAL MORTGAGE SOLUTIONS, KOSTERICH FIRM, KOSTERICH, ROSICKI and others will attempt to remove Plaintiffs from The Subject Premises, which fact would be extremely prejudicial to Plaintiffs rights and their ability to finish this lawsuit, which Plaintiff believes would be unreasonable and unnecessary, given the terrible history in this matter and it would be unnecessarily and unreasonably rewarding entities for their lies, deceit and collusion.

140.    Plaintiffs believe that the most efficient way to ensure that justice is done and that all parties have an opportunity to have their day in Court and to have a full and fair hearing on the issues and merits of their claims and defenses would be to temporarily enjoin RESIDENTIAL MORTGAGE SOLUTIONS and any entity or persons acting or purporting to act on their behalf from attempting to remove Plaintiffs from The Subject Premises.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF RICO, 18 USC § 1962(c)

141.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 of this Complaint as if they are set forth in full.

142.    18 USC § 1961 et seq. provides, in pertinent part, that:

*(1) "racketeering activity" means (A) any act or threat involving . . . bribery, extortion . . . ; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery) . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud) . . . section 1503 (relating to obstruction of justice), . . . section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering) . . . section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity) . . .*

*(2) "State" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof;*

*(3) "person" includes any individual or entity capable of holding a legal or beneficial interest in property;*

*(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;*

*(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity . . .*

143.    18 USC § 1962, provides, in pertinent part, that

*(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . (and use or investment), directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce . . .*

*(b) It shall be unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce . . .*

*(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . .*

*(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.*

144.    18 USC § 1341 – Frauds and Swindles - provides, in pertinent part, that:

*Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.*

145.   18 USC § 1343 – Fraud by Wire, provides, in pertinent part, that:

> *Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both*

146.   18 USC § 1349 – Attempts and Conspiracy - provides, in pertinent part, that:

> *Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.*

147.   As a general matter and by way of summary of the facts set forth in this Complaint:

  a. The fraud, scheme and criminal enterprise was and is to take Plaintiff's home and included (i) extorting mortgage payments to entities that were not the recorded owners / holders of the subject Mortgage and Note; (ii) concealment and refusal to account for thousands of dollars in payments that were never properly applied to the subject Mortgage and Note; (iii) filing and prosecuting a foreclosure action at the time when the defendants knew that the expiration of the applicable statute of limitations had long since expired; (iv) filing knowingly false and intentionally multiple misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into concluding that Plaintiffs were not entitled to raise the absolute and meritorious defense of expiration of the applicable statute of limitations by lying to the Court stating that Plaintiff's filed an "Answer" in which they failed to raise the statute of limitations thereby precluding Plaintiff wrongfully precluding Plaintiff from using the statute of limitations defense in opposition to a Motion for Summary Judgment; (v) filing knowingly false and intentionally multiple misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court

into concluding that the wrong entity was the assignee and holder of the Subject Mortgage and Note since shortly after they were originally executed in 2006; (vi) filing knowingly false and intentionally multiple misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into concluding that Plaintiffs alleged default in making mortgage payments was more than three years later than Plaintiffs actually stopped payment mortgage payments and demanded an accounting of what happened to the tens of thousands of dollars in mortgage payments that were extorted by and were paid to the wrong entity and which remained unaccounted for; (vii) filing and prosecuting a "Holdover Petition" based on a knowingly false and defective "10 Day Notice" from an entity that had nothing to do with The Subject Premises; and (viii) filing multiple intentionally false and misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into denying Plaintiffs efforts to stay the proceedings to reverse the Summary Judgment and in furtherance of the effort to remove Plaintiffs from The Subject Premises;

148.    The fraud, scheme and criminal enterprise included (i) LIES in violation of NYS Judiciary Law 487 told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL

MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie and is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely & Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover Petition and to the extent Plaintiffs

continued to claim that any efforts by RESIDENTIAL MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject Premises were barred by the applicable statutes of limitations, that defense was LOST or waived by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a reference to the October 2016 Declaration) and which statements were outright LIES this time by ROSICKI and ANTOS in violation of NYS Judiciary Law 487 and LIES about the defects in the Ten-Day Notice by GUERIN and SKLAR.

149.    The fraud, scheme and criminal enterprise included the above lies and intentional misstatements of fact to help to foreclose upon The Subject Premises and remove Plaintiffs from their home AND in the process scare them into believing that they have no rights and that they must surrender The Subject Premises and get out.

150.    The fraud, scheme and criminal enterprise included the above lies and intentional misrepresentations to put additional and unnecessary pressure on the Plaintiffs and included sending additional, harassing and threatening letters / communication (starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements from BSI, ClearSpring and SN Servicing) and making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights/

151.    The fraud, scheme and criminal enterprise required and depended upon the exchange of faxes, telephone calls, and other electronic communications, as well as the use of mail.

152.    At all relevant times, each RICO Defendant is a person within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

153.    As explained in this Complaint, the RICO Defendants violated 18 USC § 1962 (a) as a result of their receipt of "... *income derived, directly or indirectly, from a pattern of racketeering activity ... (and use or investment) directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect ... foreign commerce ...* involving the between $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter, and the tens of thousands of dollars in fees the RICO Defendants received for each of their individual parts in the fraud, scheme and criminal enterprise.

154.    As explained in this Complaint, the RICO Defendants violated 18 USC § 1341 because they "*devised... (a) scheme or artifice to defraud ... (to obtain) money or property by means of false or fraudulent pretenses, representations, or promises ...*" and used post offices and other authorized depositories for mail that was sent or delivered by private and commercial interstate carriers.

155.    As explained in this Complaint, The RICO Defendants violated 18 USC § 1343 because their scheme and artifice to defraud ... (and to obtain) money and property by means of false or fraudulent pretenses, representations, or promises" and did so by transmitting emails, faxes and other communications by wire and regarding The Subject Premises.

156.    As explained in this Complaint, the RICO Defendants violated 18 USC § 1349 by conspiring with one another to further the fraud, scheme and illegal enterprise against commit the unlawful and illegal enterprise to take The Plaintiffs' home.

## The RICO Enterprise

157.    As explained in this Complaint, The RICO Defendants and their co-

conspirators are a group of persons associated together in fact for the common purpose of carrying out an ongoing criminal enterprise, through a multi-faceted campaign of lies, fraud, threats to take Plaintiff's home and included (i) extorting mortgage payments to entities that were not the recorded owners / holders of the subject Mortgage and Note; (ii) concealment and refusal to account for thousands of dollars in payments that were never properly applied to the subject Mortgage and Note; (iii) filing and prosecuting a foreclosure action at the time when the defendants knew that the expiration of the applicable statute of limitations had long since expired; (iv) filing knowingly false and intentionally multiple misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into concluding that Plaintiffs were not entitled to raise the absolute and meritorious defense of expiration of the applicable statute of limitations by lying to the Court stating that Plaintiff's filed an "Answer" in which they failed to raise the statute of limitations thereby precluding Plaintiff wrongfully precluding Plaintiff from using the statute of limitations defense in opposition to a Motion for Summary Judgment; (v) filing knowingly false and intentionally multiple misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into concluding that the wrong entity was the assignee and holder of the Subject Mortgage and Note since shortly after they were originally executed in 2006; (vi) filing knowingly false and intentionally multiple misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into concluding that Plaintiffs alleged default in making mortgage payments was more than three years later than Plaintiffs actually stopped payment mortgage payments and demanded an accounting of what happened to the tens of thousands of dollars in mortgage payments that were extorted by and were paid to the wrong entity and which remained unaccounted for; (vii) filing and prosecuting a "Holdover Petition" based on a knowingly false and defective "10 Day

Notice" from an entity that had nothing to do with The Subject Premises; and (viii) filing multiple intentionally false and misleading statements and sworn declarations intended to and which did in fact deceive the Nassau County Supreme Court into denying Plaintiffs efforts to stay the proceedings to reverse the Summary Judgment and in furtherance of the effort to remove Plaintiffs from The Subject Premises.

158.    The fraud, scheme and criminal enterprise included (i) LIES in violation of NYS Judiciary Law 487 told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and

Note was purchased and had been assigned to and were held by and in the possession of
RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS
Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is
also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure
Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were
assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT
RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and
its representative OWENS lied about the alleged default date as being August 1, 2010. That
statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie and is
contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES
and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the
regurgitated the OLD LIE originally told (very successfully by KOSTERICH FIRM,
KOSTERICH and SKEETE in the 4th Untimely & Fraudulently Filed Foreclosure Action,
claiming that Plaintiffs had NO defenses to the Holdover Petition and to the extent Plaintiffs
continued to claim that any efforts by RESIDENTIAL MORTGAGE SOLUTIONS to first
foreclose and then remove Plaintiffs from The Subject Premises were barred by the applicable
statutes of limitations, that defense was LOST or waived by Plaintiffs who allegedly failed to
raise it in their ANSWER (which as explained above was a reference to the October 2016
Declaration) and which statements were outright LIES this time by ROSICKI and ANTOS in
violation of NYS Judiciary Law 487 and LIES about the defects in the Ten-Day Notice by
GUERIN and SKLAR.

     159.   The fraud, scheme and criminal enterprise included the above lies and
intentional misstatements of fact to help to foreclose upon The Subject Premises and remove
Plaintiffs from their home AND in the process scare them into believing that they have no rights

and that they must surrender The Subject Premises and get out.

160.    The fraud, scheme and criminal enterprise included the above lies and intentional misrepresentations to put additional and unnecessary pressure on the Plaintiffs and included sending additional, harassing and threatening letters / communication (starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements from BSI, ClearSpring and SN Servicing) and making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights; and

161.    The fraud, scheme and criminal enterprise required and depended upon the exchange of faxes, telephone calls, and other electronic communications, as well as the use of mail.

162.    The fraud, scheme and criminal enterprise fraudulently and illegally enriched the RICO Defendants and their co-conspirators.

163.    The RICO Defendants and their co-conspirators organized their operation into a cohesive group with specific and assigned responsibilities and a command structure.

164.    The RICO Defendants adapted their fraud, scheme and criminal enterprise to changing circumstances, recruiting new members / participants as needed and expanding the scope and nature of their activities.

165.    While the activities of the fraud, scheme and criminal enterprise changed over time, its core purpose was the same, i.e. to extort payments from Plaintiffs', take the Plaintiffs' home, to Foreclose on The Subject Mortgage & Note and to remove Plaintiffs from the Subject Premise and to then resell The Subject Premises at a profit.

166.    The RICO Defendants and each of their co-conspirators constitute an

association-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), referred to hereinafter as the "Enterprise."

167. Each of the RICO Defendants participated in the operation or management of the Criminal Enterprise.

168. At all relevant times, the Enterprise was engaged in, and its activities affected interstate commerce within the meaning of 18 USC § 1962(c).

### Pattern of Racketeering Activity

169. The RICO Defendants conducted or participated, directly or indirectly, in the conduct, management, or operation of the Enterprise's affairs through a "pattern of racketeering activity" within the meaning of 18 USC § 1961(5) and in violation of 18 USC § 1962(c).

170. At all times relevant to this Complaint, the RICO Defendants were engaged in interstate real estate investments, lending, collections and mortgage businesses.

171. At all times relevant to this Complaint, the RICO Defendants were business speculators, loan servicing companies and representatives and lawyers, involved with the commercial and residential real estate.

172. As described in this Complaint, the RICO Defendants LIED and manufactured false evidence in furtherance of the fraud, scheme and criminal enterprise which included (i) LIES in violation of NYS Judiciary Law 487 told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a

Page 57

Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie, and is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very

successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely &
Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover
Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL
MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject
Premises were barred by the applicable statutes of limitations, that defense was LOST or waived
by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a
reference to the October 2016 Declaration) and which statements were outright LIES this time by
ROSICKI and ANTOS in violation of NYS Judiciary Law 487 and LIES about the defects in the
Ten-Day Notice by GUERIN and SKLAR.

173. As described in this Complaint, the RICO Defendants LIES and
manufactured false evidence were in furtherance of the fraud, scheme and criminal
enterprise and were intended to help to foreclose upon The Subject Premises and remove
Plaintiffs from their home AND in the process scare them into believing that they have no rights
and that they must surrender The Subject Premises and get out.

174. As described in this Complaint, the RICO Defendants LIES and
manufactured false evidence were intended to put additional and unnecessary pressure on the
Plaintiffs and included sending additional, harassing and threatening letters / communication
(starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False
Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements
from BSI, ClearSpring and SN Servicing) and the threatening 2018 Ten Day Notice and
Holdover Petition and the making harassing and threatening phone calls and showing up at their
property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The
Subject Premises and other rights.

175. As described in this Complaint, the RICO Defendants LIES and

manufactured false evidence in furtherance of the fraud, scheme and criminal enterprise were sent through faxes, telephone calls, and other electronic communications, as well as the use of mail.

176.    As described in this Complaint, the RICO Defendants conspired with one another.

177.    As described in this Complaint, The RICO Defendants' unlawful and illegal actions are / were intended to induce fear in Plaintiffs with the intent and effect of causing fear of economic loss, damage to their home investments and the taking / destruction of Plaintiffs' property.

**Pattern of Racketeering Activity:**
**Multiple Instances of Mail and Wire Fraud in Violation of 18 USC §§ 1341, 1343**

178.    As described in this Complaint, the RICO Defendants engaged in a wide-ranging scheme or artifice to defraud Plaintiffs.

179.    In furtherance of the fraud, scheme and criminal enterprise, and as described in this Complaint, the RICO Defendants transmitted, or caused to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, and also caused matters and things to be placed in any postal facilities or authorized depositories, or deposited or caused to be deposited matters or things to be sent or delivered by a private or commercial interstate carrier, including, but not limited to, the following: (a) false and misleading statements regarding Plaintiffs property, The Subject Mortgage & Note, the alleged default(s) in payments toward The Subject Mortgage & Note, the Plaintiffs' right to the quiet use and enjoyment of its property, the demand / threats / extortion of monies allegedly due on The Subject Mortgage & Note but which were taken and never properly accounted for and to this day remain unaccounted for despite repeated

demands for accounting and other improper business and debt collection practices; (b) wirings and/or mailings between and among the RICO Defendants concerning Plaintiffs property, The Subject Mortgage & Note, the alleged default(s) in payments toward The Subject Mortgage & Note, the Plaintiffs' right to the quiet use and enjoyment of its property, the demand / threats / extortion of monies allegedly due on The Subject Mortgage & Note; and (c) other communications including electronically transmitted communications containing false and misleading statements intended to cause damage to and interfere with Plaintiffs' rights, and to take Plaintiffs' property, i.e. The Subject Premises, without payment, and to cause Plaintiffs' other damages.

180.   Plaintiffs' incorporate by reference each of the documents referred to above and which are being separately filed which show the uses of wire and mail communications in furtherance of the RICO Defendants' scheme or artifice to defraud that constitute violations of 18 USC §§ 1341 and 1443, and which also show how the specific Defendants caused the communications to be mailed or wired or transmitted, when the communication was made, and how each of the communications furthered the fraud, scheme and criminal enterprise.

181.   The RICO Defendants participated in the scheme or artifice knowingly, willfully, and with the specific intent to deceive and/or defraud and damage Plaintiffs.

182.   The RICO Defendants actions described in this Complaint were knowing and intentional and in furtherance of their fraud, scheme, criminal enterprise and artifice to defraud / coerce Plaintiffs.

183.   The RICO Defendants' LIES, and false and misleading statements have to date been relied upon and/or have deceived the Nassau County Supreme Court, the Nassau County Supreme Court, Landlord Tenant Department and other Courts and judicial officers

and have caused Plaintiff substantial damages.

### COUNT II - CONSPIRACY – VIOLATION OF 18 U.S.C. § 1962(d)

184.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 above in this Complaint as if they are set forth in full.

185.    The RICO Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 USC § 1962(c) as described above, in violation of 18 USC § 1962(d).

186.    Upon information and belief, the RICO Defendants knew or had to have known that they were engaged in an unlawful and illegal fraud, scheme, conspiracy and criminal enterprise (which they believed could never be discovered by us who they considered to be simple and unintelligent persons who they could paper to death and whose word would not be believed by the Judges of the Nassau County Supreme Court and other Courts when compared with the word of lawyers and business persons and big businesses) to commit the predicate acts, and they knew that the predicate acts were part of such racketeering activity, and the participation and agreement of each of them was necessary to allow the commission of this pattern of racketeering activity. This conduct and the acts as described herein constitute a conspiracy to violate 18 USC § 1962(c), in violation of 18 U.S.C. § 1962(d).

187.    Upon information and belief, the RICO Defendants agreed to conduct or participate in, directly or indirectly, in the conduct, management, or operation of the Enterprise's affairs through a pattern of racketeering activity in violation of 18 USC § 1962(c).

188.    Each RICO Defendants knew about and agreed to facilitate and take their part in the fraud, scheme and criminal enterprise designed and intended to threaten, coerce and extort payments of monies (not owed) toward The Subject Mortgage & Note, to steal The

Subject Premises from Plaintiff and to then remove Plaintiffs from their home, i.e. The Subject Premises, and to leave Plaintiffs owing hundreds of thousands of dollars in debt (for monies that were not owed and on a debt that was not due).

189.    It was part of the conspiracy that the RICO Defendants and their coconspirators would commit a pattern of racketeering activity in the conduct of the affairs of the Enterprise, including the acts of racketeering set forth in paragraphs and in particular paragraphs 142 – 183 above.

190.    As a direct and proximate result of the RICO Defendants' conspiracy, the acts of racketeering activity of the Enterprise, the overt acts taken in furtherance of that conspiracy, and violations of 18 USC § 1962(d), Plaintiffs have suffered compensatory and out of pocket damages, have been unlawfully stripped / deprived of their rights to The Subject Premises and have suffered physical and emotional injuries.

191.    Pursuant to 18 USC § 1964(c), Plaintiffs are entitled to recover treble damages (as calculated based on the $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter) plus the tens of thousands of dollars in fees the RICO Defendants received for each of their individual parts in the fraud, scheme and criminal enterprise, plus additional defense costs and fees from the RICO Defendants.

192.    Plaintiffs are further entitled to, and should be awarded, a preliminary and permanent injunction that enjoins Defendants, their assignees and anyone else acting in concert with them from commencing, prosecuting, or advancing in any way, directly or indirectly, any further attempts (i) to remove Plaintiffs' from The Subject Premises; (ii) to collect upon any monies allegedly due from The 4th Untimely & Fraudulently Filed Foreclosure Action; or (iii) take any other actions against Plaintiffs related to The Subject Mortgage & Note or The Subject Premises in any court, tribunal, or administrative agency in this Court, in the State of New York or in any other state in the United States.

## COUNT III – VIOLATION OF NY JUDICIARY LAW § 487

193.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

194.    NYS Judiciary Law § 487 which provides that *"an attorney or counselor who . . . is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."*

195.    As described above, Defendants LIES in violation of NYS Judiciary Law § 487 included (i) LIES told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI

and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie, and is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely & Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject Premises were barred by the applicable statutes of limitations, that defense was LOST or waived by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a reference to the October 2016 Declaration) and ROSICKI, ANTOS, GUERIN and SKLAR LIES about the Ten-Day Notice.

196.   As described in this Complaint, Defendants LIES and manufactured false evidence in violation of NYS Judiciary Law § 487 were in furtherance of the fraud, scheme and criminal enterprise and were intended to help to foreclose upon The Subject Premises and remove Plaintiffs from their home AND in the process scare them into believing that they have

no rights and that they must surrender The Subject Premises and get out.

197.     As described in this Complaint, the RICO Defendants LIES and manufactured false evidence in violation of NYS Judiciary Law § 487 were intended to put additional and unnecessary pressure on the Plaintiffs and included sending additional, harassing and threatening letters / communication (starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements from BSI, ClearSpring and SN Servicing) and the threatening 2018 Ten Day Notice and Holdover Petition and the making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights.

198.     As described in this Complaint, the RICO Defendants LIES and manufactured false evidence in violation of NYS Judiciary Law § 487 in furtherance of the fraud, scheme and criminal enterprise were sent through faxes, telephone calls, and other electronic communications, as well as the use of mail.

199.     As a direct and proximate result of Defendants LIES in violation of NYS Judiciary Law § 487 conspiracy Plaintiffs have suffered compensatory and out of pocket damages, have been unlawfully stripped / deprived of their rights to The Subject Premises and have suffered physical and emotional injuries.

200.     Pursuant to NYS Judiciary Law § 487, Plaintiffs are entitled to recover treble damages (as calculated based on the $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter) plus the tens of thousands of dollars in fees the RICO Defendants received for each of their individual parts in the fraud, scheme and criminal enterprise, plus additional defense costs and fees that resulted from Defendants LIES and knowingly false statements to and intended to deceive and which in fact deceived the

Nassau County Supreme Court and other Courts.

## COUNT IV - UNJUST ENRICHMENT

201.     Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

202.     As explained above in this Complaint, each of the Defendants knew about and agreed to facilitate and take their part in the fraud, scheme and criminal enterprise designed and intended to threaten, coerce and extort payments of monies (not owed) toward The Subject Mortgage & Note, to steal The Subject Premises from Plaintiff and to then remove Plaintiffs from their home, i.e. The Subject Premises, and to leave Plaintiffs owing hundreds of thousands of dollars in debt (for monies that were not owed and on a debt that was not due).

203.     As described above in the Complaint, the Defendants received monies (not owed) toward The Subject Mortgage & Note, stole The Subject Premises from Plaintiff and are now threatening to remove Plaintiffs from their home, i.e. The Subject Premises, and leave Plaintiffs owing hundreds of thousands of dollars in debt (for monies that were not owed and on a debt that was not due).

204.     This was only possible as a result of (i) LIES told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on

November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS')
custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the
Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public
records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE
Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that
The Subject Mortgage and Note were assigned to, held by and in the possession of RMS
RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since
November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS
filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which
they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had
been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE
SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted
by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015
SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and
WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the
possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE
SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied
about the alleged default date as being August 1, 2010. That statement about the alleged default
date in the 2017 BSI & OWENS Affidavit is a lie, and is contradicted by allegations and papers
filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI
and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very
successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely &
Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover
Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL
MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject
Premises were barred by the applicable statutes of limitations, that defense was LOST or waived

by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a reference to the October 2016 Declaration) and ROSICKI, ANTOS, GUERIN and SKLAR LIES about the Ten-Day Notice.

205.   As described in this Complaint, Defendants unlawfully and illegally and improperly foreclosed upon The Subject Premises, received the Deed to The Subject Premises, are threatening / planning to try to remove Plaintiffs from The Subject Premises and then sell or resell or lease The Subject Premises to others for a profit.

206.   As described in this Complaint, the Defendants have received (albeit improperly and unlawfully) property, assets and monies calculated based on the $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter) plus the tens of thousands of dollars in fees for each of their individual parts in the fraud, scheme and criminal enterprise, plus additional defense costs and fees all of which resulted from Defendants LIES and knowingly false statements to and intended to deceive and which in fact deceived the Nassau County Supreme Court and other Courts.

207.   The property, monies and fees that Defendants took and/or are now claiming as their own were taken from Plaintiffs through the fraud, scheme and Criminal enterprise, the LIES and deceit and misrepresentations to the Nassau County Supreme Court and other Courts.

208.   As a direct and proximate result of Defendants fraud, scheme, criminal enterprise and other unlawful and illegal acts, the Defendants received property, monies and fees to which they were not entitled.

209.   As a direct and proximate result of Defendants fraud, scheme, criminal enterprise and other unlawful and illegal acts, the Defendants received property, monies and fees to which they were not entitled, and which caused the Defendants to be unjustly

enriched.

210.    The estimated value of the property, assets, monies and fees that were taken from Plaintiffs is based on the $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter) plus the tens of thousands of dollars in fees the Defendants received for each of their individual parts in the fraud, scheme and criminal enterprise, plus additional defense costs and fees.

211.    As a direct and proximate result of Defendants unjust enrichment, Plaintiffs have suffered and have been damaged.

## COUNT V – FRAUD

212.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

213.    As described above in this Complaint, the fraud that was committed by Defendants included (i) LIES in violation of NYS Judiciary Law 487 told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the

Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie, and is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely & Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject Premises were barred by the applicable statutes of limitations, that defense was LOST or waived

Page 71

by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a reference to the October 2016 Declaration) and which statements were outright LIES this time by ROSICKI and ANTOS in violation of NYS Judiciary Law 487 and LIES about the defects in the Ten-Day Notice by GUERIN and SKLAR.

214.   As described above in this Complaint, the fraud committed by Defendants was intended to assist them in unlawfully and improperly and illegally foreclose upon The Subject Premises and remove Plaintiffs from their home AND in the process scare them into believing that they have no rights and that they must surrender The Subject Premises and get out so The Subject Premises could be resold or leased for a profit.

215.   As described above in this Complaint, the Defendants fraud included LIES and manufactured false evidence were intended to put additional and unnecessary pressure on the Plaintiffs and included sending additional, harassing and threatening letters / communication (starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements from BSI, ClearSpring and SN Servicing) and the threatening 2018 Ten Day Notice and Holdover Petition and the making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights.

216.   As a direct and proximate result of above described fraud, the Defendants received property, monies and fees to which they were not entitled.

217.   As a direct and proximate result of the above described fraud, the Defendants were unjustly enriched.

218.   As a direct and proximate result of the above described fraud, the Defendants have received property, assets, monies and fees that were taken from Plaintiffs is based on

the \$450,000.00 to \$705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter) plus the tens of thousands of dollars in fees for each of their individual parts in the fraud, scheme and criminal enterprise, plus additional defense costs and fees.

219.    As a direct and proximate result of the above described fraud, Plaintiffs have suffered and have been damaged.

## COUNT VI –

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 15 USC § 1692 et seq

220.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

221.    15 USC § 1692 (f) provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

222.    15 USC § 1692 (k) provides that any debt collector who violates this chapter is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure.

223.    As described above in this Complaint, the Defendants engaged in activities to allegedly collect a debt and included (i) LIES in violation of NYS Judiciary Law 487 told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document

Page 73

that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie, and is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely & Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject

Page 74

Premises were barred by the applicable statutes of limitations, that defense was LOST or waived by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a reference to the October 2016 Declaration) and which statements were outright LIES this time by ROSICKI and ANTOS in violation of NYS Judiciary Law 487 and LIES about the defects in the Ten-Day Notice by GUERIN and SKLAR.

224.    As described above in this Complaint, the fraud committed by Defendants was intended to assist them in unlawfully and improperly and illegally foreclose upon The Subject Premises and remove Plaintiffs from their home AND in the process scare them into believing that they have no rights and that they must surrender The Subject Premises and get out so The Subject Premises could be resold or leased for a profit.

225.    As described above in this Complaint, the Defendants engaged in activities to allegedly collect a debt and included LIES and manufactured false evidence were intended to put additional and unnecessary pressure on the Plaintiffs and included sending additional, harassing and threatening letters / communication (starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements from BSI, ClearSpring and SN Servicing) and the threatening 2018 Ten Day Notice and Holdover Petition and the making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights.

226.    The above described acts by Defendants in their attempts to collect a debt, were unlawful, illegal, harassing, threatening and otherwise wrongful and through them Defendants sought to and received property, monies and fees to which they were not entitled.

227.    The above described acts by Defendants in their attempts to collect a debt,

were violated the applicable terms of 15 USC § 1692 et seq.

228.   As a direct and proximate result of above described unlawful, illegal, harassing, threatening and otherwise wrongful acts to collect a debt, the Defendants received property, monies and fees to which they were not entitled.

229.   As a direct and proximate result of above described unlawful, illegal, harassing, threatening and otherwise wrongful acts to collect a debt, Defendants received property, assets, monies and fees that were taken from Plaintiffs is based on the $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises and the amount demanded (albeit falsely) in the March 4, 2016 Kosterich Firm Letter) plus the tens of thousands of dollars in fees for each of their individual parts in the fraud, scheme and criminal enterprise, plus additional defense costs and fees.

230.   As a direct and proximate result of the above described fraud, Plaintiffs have suffered and have been damaged.

## COUNT VII – TORT

231.   Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

232.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the State Law claims, which include (i) lies and deceit in violation of New York State Judiciary Law § 487; (ii) tortious interference with Plaintiffs right to The Subject Premises; (iii) unjust enrichment; (iv) fraud; (v) common law tort; and (vi) other wrongful acts that led to Plaintiffs' suffering physical and emotional damages.

233.   The above acts by Defendants as described in this Complaint were wrongful, illegal and unlawful.

234.   As a direct and proximate result of the above acts by Defendants as described in

this Complaint, Plaintiffs suffered loss of The Subject Premises and other actual losses.

235.    As a direct and proximate result of the above acts by Defendants as described in this Complaint, Plaintiffs suffered medical and psychological damages.

236.    In view of the foregoing, Plaintiffs demand actual and punitive damages in an amount to be determined by the trier of fact.

## COUNT VIII – DECLARATORY JUDGEMENT PURSUANT TO 28 USC § 2201

237.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

238.    28 USC § 2201 provides that . . . "In a case of actual controversy within its jurisdiction . . . upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

239.    As described above in this Complaint, the Plaintiffs have an actual controversy with Defendants in relation to Defendants fraud, scheme, criminal enterprise and other wrongful, illegal and unlawful acts that included (i) LIES in violation of NYS Judiciary Law 487 told by KOSTERICH FIRM, KOSTERICH and SKEETE mischaracterizing the October 2016 Kupfer Declaration, the following additional lies and false statements were made in furtherance of the criminal enterprise, scheme and fraud; (ii) LIES and MISSTATEMENT by SLS and its representative WALLACE that The Subject Mortgage and Note had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. In a Sworn "Affidavit of Possession" dated June 27, 2016 (2016 SLS & WALLACE Affidavit), SLS and WALLACE swore (falsely swore) in what we believe is a form document that the original note was delivered to RESIDENTIAL MORTGAGE SOLUTIONS' custodian (i.e. SLS) on November 6, 2006 and SLS verified with (RESIDENTIAL MORTGAGE

SOLUTIONS') custodian on March 28, 2016 that it (The Mortgage and Note) remains in possession of the Original Note. The 2016 SLS & WALLACE Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (iii) LIES and MISSTATEMENT by BSI and its representative OWENS filed an Affidavit of Merit dated January 13, 2017 ("2017 BSI & OWENS Affidavit") in which they LIED and said that (a) At par. 4 - The Subject Mortgage and Note was purchased and had been assigned to and were held by and in the possession of RESIDENTIAL MORTGAGE SOLUTIONS since November 2006. The 2017 BSI & OWENS Affidavit is a lie, is contradicted by the public records on filed with the Nassau County Clerk, is also contradicted by the 2015 SLS & WALLACE Affidavit in support of the 2nd Foreclosure Action – in which SLS and WALLACE swore that The Subject Mortgage and Note were assigned to, held by and in the possession of RMS RESIDENTIAL PROPERTIES (NOT RESIDENTIAL MORTGAGE SOLUTIONS) since November 9, 2006; (b) At par. 5 - BSI and its representative OWENS lied about the alleged default date as being August 1, 2010. That statement about the alleged default date in the 2017 BSI & OWENS Affidavit is a lie, and is contradicted by allegations and papers filed in the 2nd and 3rd Foreclosure Actions; and (iv) LIES and misrepresentations by ROSICKI and ANTOS who filed Declarations in which the regurgitated the OLD LIE originally told (very successfully by KOSTERICH FIRM, KOSTERICH and SKEETE in the 4th Untimely & Fraudulently Filed Foreclosure Action, claiming that Plaintiffs had NO defenses to the Holdover Petition and to the extent Plaintiffs continued to claim that any efforts by RESIDENTIAL MORTGAGE SOLUTIONS to first foreclose and then remove Plaintiffs from The Subject Premises were barred by the applicable statutes of limitations, that defense was LOST or waived by Plaintiffs who allegedly failed to raise it in their ANSWER (which as explained above was a

reference to the October 2016 Declaration) and which statements were outright LIES this time by ROSICKI and ANTOS about the defects in the Ten-Day Notice by GUERIN and SKLAR.

240.    As described above in this Complaint, there is an actual controversy between Plaintiffs and Defendants in relation to fraud, scheme, criminal enterprise, and the unlawful improper and illegal foreclosure action related to The Subject Premises, the taking of the deed to The Subject Premises and the efforts to remove Plaintiffs from their home AND in the process scare them into believing that they have no rights and that they must surrender The Subject Premises and get out so The Subject Premises could be resold or leased for a profit.

241.    As described above in this Complaint, the Plaintiffs and Defendants have an actual controversy related to the fraud, scheme, criminal enterprise, activities to allegedly collect a debt and related to the LIES and manufactured false evidence intended to put additional and unnecessary pressure on the Plaintiffs, the sending of harassing and threatening letters / communication (starting with the March 4, 2016 KOSTERICH FIRM Letter, the 2016 Letters and False Mortgage Statements from SLS, and the 2016 & 2017 Letters and False Mortgage Statements from BSI, ClearSpring and SN Servicing) and the threatening 2018 Ten Day Notice and Holdover Petition and the making harassing and threatening phone calls and showing up at their property unannounced in the attempt to trick Plaintiff into giving up her / their rights in The Subject Premises and other rights.

242.    As described above in this Complaint, the Plaintiffs and Defendants have an actual controversy related to the fraud, scheme, criminal enterprise, activities to allegedly collect a debt, and the extent of the unlawful, illegal, harassing, threatening and otherwise wrongful acts by Defendants to receive / take property, monies and fees to which they were not entitled.

243.    In view of the foregoing, and based on the above allegations in this Complaint,

Plaintiffs respectfully prays that, pursuant to 28 USC § 2201, this Court can and should declare the rights and other legal relations of Plaintiff and Defendants in relation to The Subject Premises, The Subject Mortgage & Note and the rights or interests that the Plaintiffs and RESIDENTIAL MORTGAGE SOLUTIONS has, have and had in relation to The Subject Premises, The Subject Mortgage & Note.

### COUNT IX – REQUEST FOR TEMPORARY PRELIMINARY INJUNCTION

244.    Plaintiffs reallege and incorporate herein by reference each of the above paragraphs 1 – 32 and 39 – 140 and 142 – 183 and 185 – 192 above in this Complaint as if they are set forth in full.

245.    FRCP Rule 65 provides as follows: (a) Preliminary Injunction. (1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party. (2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial. Plaintiffs submit that there is no need for security to be posted in this case as the matter has been pending for many years and a few extra months will cause no real prejudice to Defendants but will cause severe and irreparable harm to Plaintiffs.

246.    Defendants have threatened and tried to remove Plaintiffs from The Subject Premises.

247.    Defendants attempts to remove Plaintiffs from The Subject Premises on the basis of the above described fraud, scheme, criminal enterprise, wrongful, illegal and unlawful acts would cause Plaintiffs to suffer irreparable prejudice and harm for which monetary damages and relief are insufficient.

248.    Defendants are once again threatening to attempt to remove Plaintiffs from The

Subject Premises on the basis of the above described fraud, scheme, criminal enterprise, wrongful, illegal and unlawful acts.

249.    Defendants renewed threats to attempt to remove Plaintiffs from The Subject Premises on the basis of the above described fraud, scheme, criminal enterprise, wrongful, illegal and unlawful acts would disturb the status quo, which has been in effect since March 4, 2016 and which if preserved would cause Defendants no discernable or real damages or prejudice, while the Court considers and rules upon some of the core issues in this Complaint, such as Defendants violations of NYS Judiciary Law 487 § that Plaintiffs believe can / should be resolved expeditiously and without the need for a full trial.  The violations of NYS Judiciary Law § 487 are absolute and irrefutable and preserving the status quo until the Court decides the issues related to those violations would cause Defendants little, if any, prejudice and would be in the best interests of judicial economy and the interests of justice.

250.    Defendants renewed threats to attempt to remove Plaintiffs from The Subject Premises on the basis of the above described fraud, scheme, criminal enterprise, wrongful, illegal and unlawful acts would cause Plaintiffs to suffer additional and irreparable prejudice and harm for which monetary damages and relief are insufficient.

251.    In view of the foregoing, Plaintiffs pray that the Court grant a preliminary Injunction.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial in this matter.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

a) **<u>On Counts I & II – RICO Violations (Against All Defendants)</u>**

 i) For the actual monetary damages suffered by Plaintiffs and estimated to be $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises;

 ii) For the statutory trebling of the monetary damages;

 iii) For an award of punitive damages; and

 iv) For an award of pre-judgment interest, post-judgment interest, and costs.

b) **<u>On Count III - Violation of NYS Judiciary Law § 487 (Against Lawyer Defendants)</u>**

 i) For the actual monetary damages suffered by Plaintiffs and estimated to be $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises;

 ii) For the statutory trebling of the monetary damages;

 iii) For an award of punitive damages; and

 iv) For an award of pre-judgment interest, post-judgment interest, and costs.

c) **<u>On Count IV - Unjust Enrichment (Against All Defendants)</u>**

 i) For the actual monetary damages suffered by Plaintiffs and estimated to be $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises, plus the additional fees and monies received by Defendants, which are the monies by which Defendants are / became enriched;

 ii) For an award of punitive damages; and

 iii) For an award of pre-judgment interest, post-judgment interest, and costs.

d) **On Count V for Fraud (Against All Defendants) -**

    i) For the actual monetary damages suffered by Plaintiffs and estimated to be $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises, plus the additional fees and monies received by Defendants;

    ii) For an award of punitive damages; and

    iii) For an award of pre-judgment interest, post-judgment interest, and costs.

e) **On Count VI - Violation of Fair Debt Collection Practices Act (Against All Defendants)**

    i) For the actual monetary damages suffered by Plaintiffs and estimated to be $450,000.00 to $705,025.80 which is the spread between the estimated value of The Subject Premises, plus the additional fees and monies received by Defendants;

    ii) For an award for the damages in an amount to be determined by the Court for Defendants harassment, threats related to the collection of a debt;

    iii) For an award of punitive damages; and

    iv) For an award of pre-judgment interest, post-judgment interest, and costs.

f) **On Count VII – Tort (Against All Defendants)**

    i) For an order awarding such damages and in an amount as the Court deems just and equitable;

    ii) For an Order awarding punitive damages; and

    iii) For an Order awarding pre-judgment interest, post-judgment interest, and costs.

g) **On Count VIII – for Declaratory Judgment**

    i) For an Order Declaring Plaintiffs rights to have been violated as relates to The Subject Premises, The Subject Mortgage & Note;

   ii)  For an Order declaring that Defendants acts related to The Subject Premises, the taking of the deed to The Subject Premises and the efforts to remove Plaintiffs from their home AND in the process scare them into believing that they have no rights and that they must surrender The Subject Premises and get out so The Subject Premises could be resold or leased for a profit to be unlawful;

   iii)  For an award of punitive damages; and

   iv)  For pre-judgment interest, post-judgment interest, and costs.

**h)  On Count IX – for Preliminary Injunction**

   i)  For An Order enjoining the Defendants from taking any further actions to attempt to remove Plaintiffs from The Subject Premises until this Court has heard the entire matter or such portion of the case, such as the violations of NYS Judiciary Law § 487, as the Court may wish to proceed with on an expedited basis;

   ii)  For an Order declaring that the Plaintiffs need not post a bond or security for the preliminary injunction;

   iii)  For Such other relief as is just and equitable.

Dated:  _____

                                                  _____
                                                  Betty Ann Kupfer
                                                  66 North Grove Street
                                                  Valley Stream, NY 11580
                                                  Tel. (516) 220-2333
                                                      Plaintiff Pro Se

Dated:  _____

                                                  _____
                                                  Charles Kupfer
                                                  66 North Grove Street
                                                  Valley Stream, NY 11580
                                                  Tel. (516) 220-2333
                                                      Plaintiff Pro Se

## CERTIFICATION  PURSUANT TO 28 USC § 1746

I, Betty Ann Kupfer, declare, certify,  verify and state under penalty of perjury that the foregoing allegations in support of the Complaint are true and correct.

Executed on: May ___, 2019

_____
Betty Ann Kupfer
66 North Grove Street
Valley Stream, NY 11580
Tel. (516) 220-2333

## CERTIFICATION  PURSUANT TO 28 USC § 1746

I, Charles Kupfer, declare, certify,  verify and state under penalty of perjury that the foregoing allegations in support of the Complaint are true and correct.

Executed on: May ___, 2019

_____
Charles Kupfer
66 North Grove Street
Valley Stream, NY 11580
Tel (516) 220-2333

## <u>CERTIFICATION PURSUANT TO 28 USC § 1746</u>

I, Charles Kupfer, declare, certify, verify and state under penalty of perjury that the

foregoing allegations in support of the Motion for Preliminary Injunction are true and correct.

Executed on: May 09 , 2019

_____
Charles Kupfer

## CERTIFICATION PURSUANT TO 28 USC § 1746

I, Betty Ann Kupfer, declare, certify, verify and state under penalty of perjury that the foregoing allegations in support of the Motion for Preliminary Injunction are true and correct.

Executed on: May 09 , 2019

Betty Ann Kupfer